John De Koven *et al.*

*v.*

The City of Lake View.

*Filed at Ottawa January 21, 1890.*

1. SPECIAL ASSESSMENT—*questioning assessment—rights of owners—evidence required.* On application to confirm the report of the commissioners in making special assessments, the owners of the property assessed may, by the filing of objections to the confirmation, raise the question whether their premises have been assessed more or less than they will be benefited, or more or less than their proportionate share of the cost of the proposed improvement.

2. Whether lots or lands have been assessed more than they will be benefited must be determined by evidence produced, as in other cases at law, whether the question is tried by the court or a jury. When no evidence is offered other than the report, it is error for the court to set it aside and make a new report or a re-assessment. To authorize the court to modify, alter or change an assessment, there must be competent and sufficient evidence showing it to have been improperly made.

APPEAL from the Superior Court of Cook county; the Hon. ELLIOTT ANTHONY, Judge, presiding.

Appellee having condemned the right of way to extend one of its streets, filed a supplemental petition, under section 53, article 9, chapter 24, of the Revised Statutes, to raise, by special assessment, the amount of money necessary to pay the compensation and damages awarded property owners for land condemned. The court found the amount necessary to be raised to be $8125, and appointed commissioners to make an assessment of benefits to raise that amount.

The extension is eastward to the lake, and the lands assessed as benefited lie north and south of and adjacent thereto. The assessment, as reported by the commissioners, is as follows:

| | |
|---|---:|
| John DeKoven and E. W. Blatchford, trustees, etc., S. 20 acres, except C. & E. R. R. and streets of lot 4, Fussey & Finnemore's subdivision, Sec. 8, T. 40 N., R. 14 E. - - - - - - - - - | $4050.00 |
| R. C. Hall, north 4 acres of plat E. $\frac{1}{2}$ N. E. $\frac{1}{4}$, Sec. 17, 40, 14 - - - - - - - - - - - - - - | 4000.00 |
| Ex. of E. J. M. Hale, deceased, N. W. $\frac{1}{4}$ N. E. $\frac{1}{4}$, Sec. 17, T. 40 N. R. 14 E. - - - - - - | 50.00 |
| Graceland Cemetery Co. N. E. $\frac{1}{4}$ N. W. $\frac{1}{4}$, Sec. 17, T. 40 N. R. 14 E. (except W. 95 rods,) that part E. of G. B. R'd, R. S. $\frac{1}{2}$ - - - - - - - | 12.50 |
| R. C. Hall, S. W. $\frac{1}{4}$, Sec. 8, T. 40, N. R. 14 E. $18\frac{441}{1000}$ acres - - - - - - - - - - - | 12.50 |
| | $8125.00 |

| | |
|---|---:|
| Proportion of the total cost of improvement which is estimated will be of benefit to the property to be benefited by said improvement and apportioned and assessed upon said property - - | $8125.00 |
| Proportion of the total cost of the improvement which will be of benefit to the public and assessed to city of Lake View - - - - - - - - - - | . . . . . . . |

On the presentation of this report, appellants and the said R. C. Hall each filed objections, claiming, among other things,

that the assessment was unjust, their lands being over-assessed in proportion to others, and that others benefited were not assessed. A hearing was had on the 7th day of February, 1889, before the court, a jury being waived, and the assessment roll as to objectors set aside. The court thereupon, on the motion of appellee, over the objection of appellants, made a reassessment, as follows:

John DeKoven and E. W. Blatchford, trustees, etc.,
  S. 20 acres, except C. & E. R. R. and streets,
  lot 4, Fussey & Finnemore's subdivision, S. E.
  fractional $\frac{1}{4}$ of Sec. 8, T. 40 N. R. 14 E.  -  -     $4490.00
R. C. Hall, north 4 acres, plat of E. $\frac{1}{2}$, N. E. $\frac{1}{4}$, Sec.
  17, T. 40 N. R. 14 E.  -  -  -  -  -  -  -  -  -     3050.00
Estate of E. G. M. Hale, deceased, N. W. $\frac{1}{4}$, N. E. $\frac{1}{4}$,
  Sec. 17, T. 40 N. R. 14 E.  -  -  -  -  -  -  -       550.00
Graceland Cemetery Co. N. E. $\frac{1}{4}$, N. W. $\frac{1}{4}$, Sec. 17,
  T. 40 N. R. 14 E.  -  -  -  -  -  -  -  -  -  -        12.50
R. C. Hall, (except W. 95 rods,) that part E. of
  G. B. R'd, S. $\frac{1}{2}$, S. W. $\frac{1}{4}$, Sec. 8, T. 40 N. R. 14
  E. $18\frac{47}{100}$ acres  -  -  -  -  -  -  -  -  -  -  -        12.50
                                                  _____
                                                   $8115.00
                                                  ===========

Proportion of the total cost of the improvement
  which is estimated will be of benefit to the prop-
  erty to be benefited by said improvements and
  apportioned to and assessed upon said property  $8115.00
Proportion of the total cost of the improvement
  which will be of benefit to the public and as-
  sessed against city of Lake View  -  -  -  -  -  .  .  .  .  .  .  .
       Total cost of improvement  -  -  -  -  -     $8115.00

The report of the commissioners, and their assessment roll, so changed, was confirmed. Appellants excepted, and prayed this appeal.

It is insisted that the court below had no power to change the assessment roll so as to increase the assessment against the lands of appellants, and that if it had, it acted without sufficient evidence to justify the judgment rendered. The bill of exceptions shows that the only evidence introduced by either

party on the hearing, was the assessment roll as returned by the commissioners, and a map, or plat, showing the street, the contemplated extension, the location and area of the various tracts assessed and their proximity to other streets; and it is stated in the bill of exceptions that it was shown in evidence (without showing how or by what testimony) that the tract of land owned by the respondent R. C. Hall, situated south of said proposed extension, was 1300 feet in length from east to west, and 99 feet in depth, after said strip of land 33 feet in width, for opening Lawrence avenue, shall be taken therefrom; that the said tract of land owned by the said John DeKoven and E. W. Blatchford, trustees, and which lies north of said proposed extension, contains 20 acres of land, the width thereof, after taking therefrom the said strip of land 33 feet in width, for opening said Lawrence avenue, being 330 feet,—the entire length from east to west being 2640 feet,—and that after taking from the east 1300 feet the said strip of land 33 feet in width, the depth of the entire tract would be uniform, and 330 feet in depth; that the tract of land lying immediately west of Sheffield avenue and south of Lawrence avenue was owned by the executors of the estate of E. J. M. Hale, deceased; that said Sheffield avenue and Evanston avenue, the last named street touching the southeast corner of the said tract of land of said DeKoven and Blatchford, and the north-west corner of said tract of land, belonging to the said Hale estate, were through streets to the city of Chicago, and the said Evanston avenue was a well improved street, as was also the said Sheffield avenue, within a half mile south of said Lawrence avenue; that the said John DeKoven and E. W. Blatchford, trustees, etc., were the owners of all the property objected to by them.

Mr. DAVID FALES, for the appellants:

The court had no power to make the change in the assessment roll, and increase the assessment against the land of

appellant.  It could not be changed without hearing other evidence than the report.  Rev. Stat. chap. 24, sec. 149.

Mr. Jonas Hutchinson, and Mr. M. W. Robinson, for the appellee:

. The court, sitting as a court and jury, had full power to modify the assessment in the manner it did.  Rev. Stat. chap. 24, art. 9, secs. 31, 33.

The maps of the ground and the assessment roll were sufficient evidence to justify the action of the court.

The proper inquiry on objection to the confirmation of special assessment in such a case is, whether the assessment of a particular lot is justly made in proportion to the assessment of benefits on the other lots in the general assessment of all the other lots, thus limiting it to the property included in the assessment roll.  The assessment is not to be considered in relation to other property not in the roll, but as to the proportion it bears to the entire assessment.  *Bigelow* v. *Chicago,* 90 Ill. 50; *Fagan* v. *Chicago,* 84 id. 227; *Wright* v. *Chicago,* 48 id. 286.

Mr. Justice Wilkin delivered the opinion of the Court:

It is provided by the first clause of section 144, article 9, *supra,* that any person interested in any real estate to be affected by a special assessment, may appear and file objections to the commissioners' report.  The second clause authorizes a default, and confirmation of the report as to all premises to the assessment of which objections are not filed.  The next section makes the report of the commissioners competent evidence, and authorizes either party to introduce such other proof as may tend to establish the right.  It provides that "the hearing shall be conducted as other cases at law; and if it shall appear that the premises of the objector are assessed more or less than they will be benefited, or more or less than their proportionate share of the cost of the improvement, the

jury shall so find, and also find the amount for which such premises ought to be assessed, and judgment shall be rendered accordingly."

It is very clear, from these sections, that the question raised by the filing of objections to the report of the commissioners is, have the premises of the objector been assessed more or less than they will be benefited, or more or less than their proportionate share of the cost of the improvement. It is equally clear, that that question, whether tried by the court or a jury, is to be determined by evidence produced as in other cases at law; also, that if it is found that the assessment is too much or too little, *the true amount* shall be found from the proof made, and judgment rendered accordingly. Manifestly, there was no evidence introduced in this case from which these facts could be found. The evidence, aside from the commissioners' report, proves nothing more than that which is shown by a map of the location and tracts of land assessed. In fact, it is reasonably certain no other evidence was introduced. It can not be seriously contended that the court, or a jury, from that evidence, alone, could arbitrarily set aside the sworn report of commissioners.

Section 147 in no way conflicts with this view. The modification, alteration, changing or annulling of an assessment, as therein provided, can only be made upon competent and sufficient evidence showing the same to have been improperly made. Any other construction of the statute makes the appointment, action and report of commissioners nonsensical. The right of appeal guaranteed by the statute would be of little avail if the court may, as contended, change the assessment without evidence.

The action of the court below in making a re-assessment was unauthorized by the evidence, and its judgment will be reversed and the cause remanded.

*Judgment reversed.*