## THERESA SCHEMICK

### v.

## THE CITY OF CHICAGO.

*Filed at Ottawa, June 19, 1894.*

1. SPECIAL ASSESSMENT—*affidavit of mailing notice of application to confirm.* Where an affidavit of the posting and mailing of notice of application to confirm a special assessment is otherwise in conformity with the statute, it will not be vitiated by the insertion therein of a copy of the notice mailed which fails to give the year in which the roll is made returnable, as such statement of the copy of the notice may be treated as surplusage.

2. The statute does not require the affidavit of the service of notice of the application for the confirmation of the assessment roll to show what the notices contained. All the statute requires is, that the affidavit shall state that the commissioners have sent, or caused to be sent, by mail, the notice that the statute requires, to the owners, etc.

3. Such affidavit is made, by the statute, *prima facie* evidence of a compliance with the law in regard to giving such notice. In the absence of anything showing that the proper notices were not sent or received, the *prima facie* showing made by the affidavit must prevail.

4. John Meyer and two others were appointed commissioners to make a special assessment for a local improvement. Their first and second assessment rolls returned were not approved, and the same were ordered by the court to be re-cast by the commissioners theretofore appointed. In the last order for re-casting the assessment the name *George* Meyer was inserted instead of *John* Meyer: *Held*, that the insertion of "George" in place of "John" was a clerical error, and did not vitiate the roll.

5. SAME—*swearing the commissioners.* Where commissioners appointed to make a special assessment of the cost of a local improvement, are sworn, it will not be necessary for them to be re-sworn before re-casting their roll under a subsequent order of the court.

6. SAME—*power of court to set aside and order the same re-cast.* Where the court sets aside a former assessment, and orders it to be re-cast, it will be presumed, in the absence of any showing to the contrary, that there was sufficient cause to sustain the action of the court.

7. Where a special assessment is set aside and a re-casting of the same is ordered, a party who is not shown to have been injured can not be heard to complain of the setting aside of the prior assessment.

WRIT OF ERROR to the Circuit Court of Cook County; the Hon. FRANK BAKER, Judge, presiding.

Messrs. STIRLEN & KING, for the plaintiff in error.

Mr. M. W. ROBINSON, Mr. W. E. THORNE and Mr. ADOLF KRAUS, for the defendant in error.

Mr. JUSTICE SHOPE delivered the opinion of the Court:

This was a supplemental proceeding, under section 53, article 9, of the Cities and Villages act, for the assessment of benefits conferred upon adjacent property by the opening of Champlain avenue, in the city of Chicago, to pay compensation awarded in a proceeding to condemn the land necessary to the opening of said street. Commissioners were appointed, who finally, on January 14, 1893, returned an assessment roll which was confirmed by the court, and from which judgment of confirmation this appeal is prosecuted by appellant, land owner. Appellant was defaulted.

I. It is first objected, that the affidavit showing the mailing of notice to the owners whose premises had been assessed was insufficient to give the court jurisdiction. The record shows the posting of notices of the final hearing upon the assessment roll, at the February term of the Cook County Circuit Court, commencing on the 20th day of February, 1893; and publication of the like notice in a daily newspaper, printed and published in the city of Chicago, for five consecutive days, in full compliance with the 2d clause of section 27, article 9, of the Cities and Villages act. The objection to the affidavit of mailing the notice is, that it purports to contain a copy of the notice sent, which fails to state the year in which the February term, to which the assessment roll had been returned, occurred. The objection is not well taken. Section 28, of article 9, requires, that on or before the final hearing the affidavit of one or more of the commissioners shall be filed,

stating that they have sent, or caused to be sent, by mail,. to the owners whose premises have been assessed, and whose names and places of residence are known to them, the notice required by section 27. The affidavit, as filed, is in compliance with the provisions of the statute. It is not requisite that the affidavit should contain a copy of the notice mailed; and but for the statement added to the affidavit, that "a substantial copy of said notice is as follows," then adding the notice, prescribed by the 1st clause of section 27, there would be no objection to the affidavit. We are inclined to hold with the Appellate Court of the First District (*Falch* v. *The People*, 8 Brad. 351), that this does not vitiate the affidavit, and may be treated as surplusage.

It is next said, that the affidavit was insufficient, in that it conveyed no information as to what the notices mailed contained. There is no such requirement in the statute. All the statute requires is, as we have seen, that the affidavit shall state that the commissioners have sent, or caused to be sent, by mail, the notice required by the statute to be sent to owners, etc. And it is expressly provided, section 28, that such affidavit shall be received as *prima facie* evidence of compliance with the act, in regard to giving such notice. In the absence of anything showing that the proper notices were not sent or received, the *prima facie* showing made by the affidavit must prevail.

II. It is next objected, that the commissioners appointed by the court to re-cast the assessment did not act, etc. It appears, that the first and second assessment rolls returned were not approved, and that the same were ordered by the court to be re-cast. In the first order appointing commissioners, Fred. K. Root, John Meyer, and Henry C. Muhlke were appointed. Subsequently, in the final order entered for re-casting the assessment, December 17, 1892, the name "*George*" Meyer was inserted instead of *John* Meyer,. the order being as follows: "Ordered, that the commis-

sioners heretofore appointed herein, to-wit: Fred. K. Root, George Meyer, and Henry C. Muhlke re-cast said assessment." The persons theretofore appointed had been said Root, *John* Meyer, and said Muhlke. Fred. K. Root, *John* Meyer, and Henry C. Muhlke, as commissioners, re-cast and returned the assessment roll, which was confirmed. It is not questioned that the person appointed by the court to act did act in obedience to its order, and that the insertion of the name "*George*," instead of *John*, was a mere clerical error. The court having ordered, that "the commissioners heretofore appointed" re-cast the assessment roll, the repetition of their names was unnecessary.

III. It is next objected, that the commissioners did not take the oath required by the statute, before proceeding to re-cast the assessment. The record clearly shows, that the same commissioners acted throughout, under the order of the court, in making and re-casting the assessment roll. Before proceeding upon their duties, in the first instance, they took and subscribed the oath required by section 23, of said article 9, of the Cities and Villages act. No objection is made to the oath as thus taken, but it is said they should have re-taken the oath before re-casting the assessment. This was not necessary. By their oath, they were required to make a true and impartial assessment of the cost of the improvement, etc. Where the same commissioners, thus sworn, are ordered to re-cast the assessment, no further oath will be necessary to qualify them to act. The assessment roll would be returned, as re-cast, under their oath as commissioners.

IV. It is also objected, that the court erred in setting aside the former assessments, upon objections thereto, made by persons other than appellant. Upon objection being made to the first assessment roll returned, leave was granted to the city to withdraw it; and upon objection to the second assessment roll returned, the court, as we have seen, ordered it to be re-cast by the commissioners theretofore

appointed. Ample power is given by section 33, of said article 9, for the court, at any time before final judgment, to cause the assessment to be re-cast, by the same commissioners, "whenever it shall be necessary for the attainment of justice," etc. It does not appear by this record what reason existed for the order of the court in the premises, and it must be presumed that the court acted, in ordering the re-casting of the assessment, upon sufficient cause and within the power conferred. Moreover, it does not appear, that the sum to be assessed against property benefited was increased, or that appellant's property was assessed more by the re-casting of the assessment, than it was in the assessment rolls originally filed, and appellant, not having been prejudiced, is, therefore, in no condition to complain. It is clear, therefore, that the case of *DeKoven* v. *Lake View*, 131 Ill. 541, cited by counsel, can have no application.

Finding no substantial error in the record, the judgment of the Circuit Court will be affirmed.

*Judgment affirmed.*