WILLIAM A. JONES

*v.*

THE CITY OF CHICAGO.

*Opinion filed December 16, 1903.*

1. SPECIAL ASSESSMENTS—*when not error to permit attorney for railroad company to appear.* Permitting the attorney for a railroad company to appear, on motion of the attorney for the city, in a special assessment case, and introduce evidence to contradict evidence given by an objector tending to show that an unassessed lot owned by the company would be benefited by the improvement, is not error, where no new issue is thereby raised.

2. SAME—*what not competent upon question of benefits.* It is proper, in a special assessment case, for the court to refuse to permit a witness introduced upon the question of benefits to give his opinion as to what the benefit from the improvement would be to the business being conducted by the occupant of the property.

3. SAME—*when erroneous ruling will not reverse.* Error in requiring a witness for the objector to answer the question, asked on cross-examination, whether he recalled any instance when the property was worth more after a street was paved than before, is not of sufficient importance to justify a reversal.

APPEAL from the County Court of Cook county; the Hon. R. A. RUSSELL, Judge, presiding.

TYRRELL & FELLINGHAM, for appellant.

FRANK JOHNSTON, Jr., (EDGAR BRONSON TOLMAN, and ROBERT REDFIELD, of counsel,) for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

This is an appeal from a judgment of the county court of Cook county confirming a special assessment to pay for plastering curb walls, curbing with sandstone curbs, grading, and paving with asphalt, Noble street, in the city of Chicago, from Milwaukee avenue to North avenue.

Lot A, the property of appellant, is situated at the north end of the proposed improvement, with an east frontage of 530 feet thereon and a north frontage of 250 feet on North avenue. The lot was assessed $3198, to be paid in five equal installments of $629.60. Appellant appeared and filed objections to the assessment on his property, among which was one that the assessment was levied upon part, only, of the property especially benefited. When this objection came on for hearing, the appellant claimed that lot B, owned by the Chicago and Northwestern Railway Company, which was not assessed, would be benefited by the improvement, and offered some testimony to that effect. The court then, against the objection of appellant, permitted the attorney of said company to appear and introduce evidence that lot B would not be benefited. The action of the court is assigned as error. The railway company did not file any pleading and the court did not assume any jurisdiction over it. The issue between the city and appellant was whether lot B would be benefited by the improvement, and no new or different issue was raised by the appearance of the attorney for the railway company. Appellant cannot complain that he was required to meet the proof offered on that issue, whether the examination of witnesses was by the attorney of the railway company

or of the city. It was on the motion of the attorney for appellee that the attorney for the railway company was allowed to appear, in order that the court might have all the facts in determining the issue, and we see no error in what was done. The evidence showed quite clearly that lot B would not be benefited by the improvement. Lot A, the property of appellant, extends from North avenue to Blanche street, where the Chicago and North-western railway, running in a north-westerly and south-easterly direction, intersects Noble street, giving the lot a triangular shape. The right of way is elevated, and the roadways of Noble and Blanche streets pass under the tracks. Lot B, owned by the railway company, does not abut on Noble street, but is on the other side of the railway, fronting on Holt street, and is used for a freight team yard. The entrance to it is from Holt street, and it is practically shut off from the improvement. The court overruled the objection, and the evidence sustains the ruling.

The question of benefits was submitted to the court for trial without the intervention of a jury, and the court found in favor of appellee and confirmed the assessment. On that question appellant contends that the finding and judgment are against the weight of the evidence. Lot A is used for manufacturing purposes, and is occupied by the W. A. Jones Foundry and Machine Company. The evidence for the appellant was that it was worth about $25,000, and the evidence for the appellee was that it was worth $40,000. It had been the custom, in teaming to and from the property, to go out on North avenue to Elston avenue and along that avenue to Milwaukee avenue, but Noble street, when paved, apparently would be a natural and convenient course to Milwaukee avenue, and one which would be valuable for use in connection with the property. There was testimony on the part of appellant that the lot would not be benefited to the amount of the assessment, or to any considerable amount, by the

improvement. On the other hand, witnesses on behalf of appellee testified that the property would be enhanced in value by the improvement to the amount of the assessment. Aside from the facts stated, the question rested wholly in the opinions of different witnesses, and we think it will be seen that there is no controlling fact or circumstance from which we could say that the finding of the court was wrong and the property would not be benefited to the amount of the assessment. Considering the value of the property, its frontage of 530 feet on the street, and the probable usefulness of the street, when paved, in connection with the property, we are not able to say that the finding and judgment are wrong.

A witness for appellant testified on the question at issue that there would be very little benefit to the property, but the court refused to permit him to give his opinion as to what the benefit would be to the business of the manufacturing company occupying the lot. The basis for the assessment was the enhanced market value of the property, and the benefit to the occupant of the shop would not determine that question. It might be a proper subject of inquiry in testing the value of an opinion, but it was not error to exclude the evidence when offered as it was in this case.

A witness for the appellant, who had testified to the physical situation and uses of the property but had not given any opinion on the subject of benefits, was asked, on cross-examination, whether he recalled any instance when property was worth more after a street was paved than before. The court overruled an objection of appellant to the question and required the witness to answer. The question was of an impertinent nature and was not cross-examination. The ruling was erroneous, but is not of such importance as would justify a reversal of the judgment.

The judgment is affirmed.        *Judgment affirmed.*