John A. McLennan *et al.*

*v.*

The City of Chicago.

*Opinion filed October 24, 1905—Rehearing denied Dec. 6, 1905.*

1. Special assessments—*court costs not considered in determining whether ordinance must be published.* Section 11 of Local Improvement act of 1897, requiring an ordinance to be referred and published if the estimate of cost exceeds $100,000, does not require that the court costs, which under the statute must be paid by general taxation and which are not included in a particular estimate, shall be taken into consideration in determining whether the ordinance should have been published.

2. Same—*description in resolution need not be as complete as in an ordinance.* The resolution for a local improvement need not contain all the details required in an ordinance, it being sufficient if it describes the improvement in a general way, with sufficient certainty, taken in connection with the estimate, to reasonably advise the property owners as to the nature of the proposed improvement.

3. Same—*when objection of variance should be overruled.* An objection of variance between the notice of public hearing and the first resolution, based upon the fact that the notice failed to state that the right of way of a street railway company in the street to be paved was excepted from the improvement, as appeared from the resolution, is unsubstantial and cannot prevail.

4. Same—*when reasonableness of ordinance will be upheld.* If the greater weight of evidence is to the effect that the pavement at a certain street intersection is old and worn out and the witnesses so testifying are not attacked, the holding of the county court that the ordinance requiring a new pavement at such intersection is not unreasonable will be upheld, on appeal.

5. Same—*when overruling of objection to assessment roll will be sustained.* Overruling of an objection to the introduction of

the assessment roll in evidence upon the ground that no affidavit showing compliance with the statute had been filed will be sustained on appeal, where the record shows that affidavits are attached to the assessment roll, and it is not pointed out by the appellant wherein they are claimed to be defective.

6. Same—*when verdict is in proper form.* A verdict in a special assessment case finding that the property of the objectors is not assessed more than it will be benefited nor more than its proportionate share of the cost of the improvement is in accord with the statute and is in proper form, and it is not necessary that the words "*specially* benefited" be used.

Appeal from the County Court of Cook county; the Hon. Orrin N. Carter, Judge, presiding.

F. W. Becker, for appellants.

Robert Redfield, and Frank Johnston, Jr., (Edgar B. Tolman, Corporation Counsel, of counsel,) for appellee.

Mr. Justice Ricks delivered the opinion of the court:

The county court of Cook county confirmed an assessment against certain property of appellants for paving Cottage Grove avenue, in Chicago, and appellants appeal from the judgment of confirmation.

On the 12th day of April, 1904, appellants were ruled to file objections, if any they had, to the proceeding or assessment. On the 14th of the same month they filed eleven objections. The cause was called for trial on April 3, 1905, on legal objections, when appellants asked leave to file six more legal objections. No reason was shown why any of them, except the twelfth, had not been filed within the year that the case had been pending. The twelfth objection was, in effect, that the ordinance was unreasonable, in that it provided for the paving of the intersection at Sixty-seventh street and Cottage Grove avenue, which was already paved. Counsel, upon oath, stated that he was not aware that that intersection was paved until recently before the hearing and

for that reason did not file the objection sooner. The court permitted the filing of the twelfth objection and denied leave to file the others. With reference to them, counsel stated at the time that the points sought to be made by the additional objections had arisen and been discussed since the filing of the original objection. We have looked into them, and are satisfied that the court did not abuse its discretion in refusing to allow them to be filed.

The legal objections filed were overruled, and it is insisted that the court erred in overruling five of them. It is urged that the estimate of the cost of the improvement exceeded $100,000, and that the ordinance was not referred to a committee and published in the proceedings of the council, as required by section 11 of the Local Improvement act. (Hurd's Stat. 1903, p. 393.) That section has no application unless the "estimate of cost shall exceed the sum of $100,000, exclusive of the amount to be paid for land to be taken or damaged." It is admitted that the estimate of the engineer of the cost shows an even $100,000, but appellants say that there is in addition to that the court costs, which are not shown by the estimate, and that they are to be taken into consideration in determining whether the ordinance shall be referred and published. We think not. According to the language of the statute itself the duty to refer and publish depends upon the estimate of the engineer, and such course is only required where the estimate exceeds $100,000. The estimate in this case does not exceed $100,000, and by the terms of the statute it was not necessary to refer the ordinance or publish it. So far as the property holders are concerned in the matter of assessment the court costs would form no part of it, as they are to be paid by the city by general taxation. *McChesney* v. *City of Chicago,* 205 Ill. 528; *Gage* v. *City of Chicago,* 195 id. 490.

It is next said there was a variance between the first resolution and the ordinance. Both the resolution and the ordinance provide for curbing, grading and paving with as-

phalt Cottage Grove avenue, and the roadways and intersecting streets and alleys, from the curb line to the street line. Appellants urge that the first resolution also provides that the intersecting streets and alleys shall have a "granite concrete combined curb and gutter" from the curb line to the street line, and that the ordinance does not contain such provision. We find that it does in express terms.

It is next pointed out that the ordinance goes into greater detail as to the sewer connections and furnishings than does the resolution. It is not necessary that the resolution shall contain all the details in the ordinance, but it is sufficient if the resolution describes the improvement in a general way, and with sufficient certainty, taken in connection with the estimate of the cost, to reasonably advise the property holders of the nature of the proposed improvement. The estimate was a part of the first resolution, and contained the item, "adjustment of sewers, catch-basins and man-holes and constructing fifty new catch-basins." The variance charged arose from the elaboration in the ordinance of this item as to catch-basins. There was no willful or substantial variance.

It is next urged that there was a variance between the notice of public hearing and the first resolution. The particular point made as to that is, that the notice is to the general effect that Cottage Grove avenue is to be improved by catch-basins and pavement while the resolution excepts from the improvement the street railway company's rights of way; that the notice does not contain a statement that the rights of way of street railways are excepted from the improvement. We regard this objection as hypercritical, and of too unsubstantial a character to be allowed to prevail.

Under the objection that the ordinance was unreasonable the court heard the testimony of three witnesses on the part of the petitioner and one witness testified for the objectors. The evidence on the part of the petitioner was to the effect that the pavement at the intersection at Sixty-seventh street was a cedar block pavement that was put down in 1894 and

was old and worn out, while the witness for the objectors stated that it was in good condition. The matter depended upon a question of fact, and the greater weight of the evidence was for the petitioner if the witnesses were to be accredited, and as there is no attack upon them we must concur with the court in holding that the ordinance was not unreasonable.

When the assessment roll was offered in evidence appellants objected to it, and urged that no affidavit showing a compliance with the requirements of section 41 of the Local Improvement act had been filed, as required by that section. The court overruled the objection and appellants excepted. Appellants say in their brief and argument that "it lacked a necessary formality to give it validity, and should no more be offered by the petitioner to make out its *prima facie* case than a roll without any signature or any verification of the commissioner or any compliance with the provisions of the act." The above is all that is said upon that subject. We have examined the record and find that the assessment roll has attached to it the affidavit of John A. May, who made the assessment, and the affidavit of David H. Pigott as to his examination of the books of the collector of the said county showing the payment of general taxes during the last preceding year, etc. We are unable to comprehend the point made by appellants, and as they have not pointed out wherein those affidavits are defective we must hold the court properly overruled the objection.

The court instructed the jury that the only question to be determined was whether the premises of the objectors were assessed more than they would be specially benefited by the improvement or more than their proportionate share of the cost of said improvement. Appellants say that this instruction is wrong because it ignores the provision of section 59 of the act, which relates to supplemental assessments, and is to the effect that the fact that a prior assessment had been levied against the property shall be no defense to a supple-

mental assessment "unless it shall appear that in such prior cause, upon proper issue made, it was specially found, in terms, that the property objected for would be benefited by said improvement no more than the amount assessed against it in such prior proceedings." It is sufficient to say of that objection that no such issue was made as contemplated by that section and no evidence was introduced upon it, and the court properly ignored it in giving the instructions. The instruction that the municipal authorities are the sole and only judges of the necessity for and of the manner and extent of the improvement was unnecessary in that proceeding, as the jury had nothing to do with either the necessity for or the mode or manner of making the improvement. That question was not before them and the instruction was harmless.

Other objections are urged to the instructions which we regard so trivial as not requiring discussion.

It is complained that the verdict was not responsive to the issues. The substance of it was, that the property of the objectors is not assessed more than it will be benefited nor more than its proportionate share of the cost of said improvement. Section 49 of the act provides for a trial by jury, and the last clause is as follows: "The hearing shall be conducted as in other cases at law, and if it shall appear that the premises of any objector are assessed more than they will be benefited by the said improvement or more than its proportionate share of the cost of such improvement, the jury shall so find," etc. Appellants say that the words "*specially* benefited" ought to have been incorporated in the instruction, and cite *Louisville and Nashville Railroad Co.* v. *City of East St. Louis,* 134 Ill. 656, to support this contention. That case has no application whatever to the question here raised, and the verdict was in strict accord with the provision of the statute.

The judgment of the county court is affirmed.

*Judgment affirmed.*