THE CITY OF CHICAGO, Appellee, *vs.* VAN SCHAACK BROS. CHEMICAL WORKS, Inc., Appellant.

*Opinion filed April 21, 1928—Motion to file rehearing petition instanter denied June 6, 1928.*

1. SPECIAL ASSESSMENTS—*objections relied upon should be set forth in abstract—assignment of error.* Objections specifically relied upon should be set forth in the abstract of record notwithstanding a printed form of the usual objections in assessment proceedings was filed and no motion made to require the objector to specify particular objections relied upon, but where one of the objections filed was in regard to the necessity for the improvement it is sufficient if an assignment of error specifically covers the question and the evidence on the question is abstracted.

2. SAME—*improvement ordinance, to be valid, must be reasonably necessary.* The necessity, character and extent of a public improvement in a city are committed to the judgment of the city council, but such judgment must be exercised in a reasonable manner in view of the circumstances and surrounding conditions, and the court will not hesitate to hold an ordinance void if it clearly appears from the evidence that the improvement is unnecessary.

3. SAME—*necessity for an improvement must be determined on hearing of legal objections.* The necessity for an improvement can be questioned only upon the hearing of the legal objections, and on the hearing as to benefits the jury has nothing to do with the question of the necessity for the improvement.

4. SAME—*objection must be specifically pointed out by assignment of error.* Error must be specifically pointed out in the assignments of error and there must be a specific assignment of error covering an objection relied upon on review.

5. SAME—*what evidence of benefit is admissible although property is devoted to a special use.* Land owned by a private corporation and devoted to a private use in a particular form of industry is subject to special assessment regardless of the special use of the property, as the use being merely voluntary the owner may change it at any time and obtain the benefit of the improvement, and on the hearing as to benefits arising from the construction of a sidewalk adjacent to a chemical manufacturing establishment it is not error to permit witnesses familiar with industrial property generally, to testify to the value of the property before and after the improvement.   ◦

6. SAME—*when witness for city may be cross-examined as to interest.* While the extent of cross-examination is largely within the discretion of the trial court it is proper to show the interest of a witness, as the evidence may have a very material bearing under certain conditions, and on the hearing as to benefits from an improvement a property owner should be allowed to cross-examine a witness for the city on the question as to his employment as a witness and the amount of his compensation.

7. SAME—*whether property will be improved in appearance is not material on question of benefits.* A city does not have the right to exercise the police power from esthetic considerations nor can it levy special assessments merely to improve the appearance of property, and on the question of benefits arising from the construction of a sidewalk the statement or opinion of a witness that the property will be benefited, in appearance alone, more than the amount of the assessment is not admissible.

8. SAME—*general rule as to admissibility of evidence on hearing as to benefits.* On the hearing as to benefits the questions at issue are whether the land of the objector has been assessed more than it is benefited or more than its proportionate share of the cost as determined by the estimate, and whatever evidence tends to establish a fact relevant to those questions is admissible, and opinions must result from a consideration of lawful elements constituting the benefit.

9. SAME—*an instruction need not require finding that property is "specially" benefited.* An instruction stating that the jury must determine the questions whether the property has been assessed more than it will be benefited and whether it has been assessed more than its proportionate share of the cost is not subject to

the objection that the word "specially" is not inserted before the word "benefited."

10. SAME—*jury's view of the premises cannot be considered as evidence.* The jury's view of the premises, or the facts ascertained by the jury upon such view, cannot be considered as evidence in arriving at the verdict in a special assessment proceeding, and it is not proper to instruct the jury that their view may be considered as evidence.

11. SAME—*when instruction that jury may consider all natural results from an improvement is erroneous.* An instruction stating that the jury may take into consideration all the natural and probable results which may follow from the improvement is erroneous, where it does not require the jury to draw its conclusions from the evidence in the record; and the fact that another instruction uses words showing that the jury's conclusions must be based upon the evidence does not cure the error.

12. SAME—*what instruction in behalf of objector to a sidewalk improvement is properly refused.* On the hearing as to benefits arising from the construction of a sidewalk, an instruction is properly refused which states that if the jury believe from the evidence that the proposed sidewalk will not be used to any substantial extent by persons for the purpose of ingress to and egress from the objector's property the issue must be found for the objector, as the question of benefits must finally rest upon increased value by reason of the improvement, although the means of access to the property is important in determining its value.

APPEAL from the County Court of Cook county; the Hon. S. N. HOOVER, Judge, presiding.

DEFREES, BUCKINGHAM & EATON, and CHURCH, HAFT & ROBERTSON, for appellant.

FRANCIS X. BUSCH, Corporation Counsel, WILLIAM T. CRILLY, and LANGWORTHY, STEVENS, McKEAG & HURLEY, for appellee.

Mr. COMMISSIONER CROW reported this opinion:

On April 1, 1925, the city council of the city of Chicago passed an ordinance for the construction of a cement sidewalk six feet in width on the north side of Henderson

street from the west line of Kimball avenue to the east line of North Central Park avenue (except in certain specified places) in the city. The ordinance provides the details for the material and the method of construction of the improvement. The engineer's estimate, which was submitted with recommendation of the board of local improvements, contains an itemized estimate of cost of the different parts of the improvement. On December 3, 1925, the city filed in the county court of Cook county a petition for confirmation of a special assessment for the construction of the sidewalk. An assessment roll was filed, assessing the property benefited at $2213 and nothing for public benefits. Legal objections were filed, evidence heard, arguments presented, and the objections were overruled. On the hearing on benefits further evidence was presented, and the jury found that the property would be specially benefited in the amount stated in the assessment roll. The court entered judgment on the verdict and confirmed the assessment. From the judgment of the county court the objector prayed an appeal.

The property of the objector affected by the proposed improvement is located on the northwest side of the city and is included within a triangular area, with Henderson street, extending east and west, as the base or southern boundary, North Central Park avenue, extending north and south, forming the western boundary, and Avondale avenue, extending diagonally from northwest to southeast, completing the triangle at the southeastern point of intersection of that avenue with Kimball avenue and Henderson street, forming the northeast boundary. There are sidewalks on all those streets except on the north side of Henderson street, and on that a sidewalk extends from North Central Park avenue east to an alley. There is also on the north side of that street about forty feet of sidewalk extending west from Kimball avenue to an employees' entrance to appellant's plant. The proposed improvement,

when completed, would result in continuous sidewalks on both sides of Henderson street connecting with existing sidewalks on Kimball and North Central Park avenues, both of which streets are open north and south. The street next east of North Central Park avenue is Drake avenue, but there is an alley between those streets. Only three lots between the alley and North Central Park avenue are owned by appellant, though east of the alley it owns several lots facing east on Drake avenue, in that block. It owns all of the lots east from North Drake avenue to Kimball avenue on the north side of Henderson street. The south half of the tract from Drake avenue to St. Louis avenue (the next street east of Drake avenue) is vacant, but appellant proposes to use it in connection with its plant. The remainder of the property east to Kimball avenue is enclosed with a tight-board fence about eight feet in height. The buildings of appellant are in the enclosure extending from St. Louis avenue (if that street were actually extended) to Kimball avenue. St. Louis avenue is not paved and there are no sidewalks on that street or on Drake avenue. On the west side of Drake avenue, north of appellant's property and immediately south of Avondale avenue, are five two-flat brick buildings. The property on the south side of Henderson street is for the most part improved and occupied with residences of laboring people. The territory to the west is improved with brick apartment and other residences; that to the north and east is industrial property. In the residence portion west and south of the property in question is a public school, a Catholic church and a parochial school.

In appellant's plant are several substantial brick buildings, some sheet-iron buildings and warehouses, steel tanks, sheds, and considerable vacant land inside and outside the enclosure. In some of the buildings are machinery and equipment for use in the manufacture of chemicals, and some of the buildings and machinery, it was testified, could not be used in their present condition in any other line of

business because they were designed especially for chemical manufacturing. The value of the plant as a going concern was estimated by one of appellant's witnesses to be about $900,000 and by one of appellee's witnesses to be worth $1,250,000. About seventy-five persons are employed, most of whom come from east and south of the plant but none from the immediate vicinity. Most of them reach the plant by street car or railway. The Belmont avenue street car line runs east and west two or three blocks south of the plant, and the Chicago and Northwestern railroad runs parallel with and along the northeast side of Avondale avenue, though on an elevation and separated from the street. It has stations not far from the plant. No employees or customers of appellant use the north side of Henderson street in walking to the entrance of the plant, which is at the intersection of Henderson street with Avondale and Kimball avenues, where the offices of the company are situated. There are no stores to be reached by going in either direction on Henderson street. The most convenient trading points are Belmont avenue on the south and Addison avenue to the north of the Chicago and Northwestern railroad. Pedestrians coming from any point north of Henderson street on North Central Park avenue, if more convenient to Henderson street and Avondale avenue, would be required to cross to the south side of Henderson street in order to have the use of a sidewalk, and then would have to re-cross to the north side of Henderson street to reach the entrance to appellant's plant or points north on Kimball avenue. Appellant's business is wholesale and practically no customers visit the plant. Most of the company's purchases are made by mail.

The president of appellant testified first on the legal objections that the company in the further development of its plant would desire to construct driveways, which would necessitate expensive changes if the sidewalks were built, and that there was already a good sidewalk on the south

side of Henderson street. On the hearing on benefits he testified that the proposed sidewalk would not be used and that it would be a detriment to appellant's property instead of a benefit. One of the reasons assigned for the opinion was that some of the land adjacent to the plant is low, and a sidewalk constructed under those conditions would require some filling for the sub-grade, and the walk would break down more or less frequently. The secretary of the company for the most part corroborated the president's testimony. Two other witnesses testifying for the objector stated that the improvement would not benefit its property. One of those witnesses testified that he was familiar with surrounding industrial property extending to about a mile from appellant's plant, and that from his observation when such industrial property is held and used for years for one purpose, under certain conditions it becomes immaterial whether there is a sidewalk adjacent to the plant. The testimony of an employee of the objector was offered, but upon objection he was not permitted to state his opinion as to whether the improvement would benefit appellant's property.

The superintendent of streets of the city testified on the hearing on legal objections to the general conditions, the substance of which has been stated. Two real estate dealers testified at the hearing on benefits on behalf of the city as to their familiarity with the property in question and other property in the vicinity. The first of those witnesses testified as to the residential character of the neighborhood west and south of appellant's plant, and that it is well built up with bungalows and two-flat apartment buildings. He expressed the opinion that the proposed improvement would benefit appellant's property at least $5000. He stated that the property adjoining the proposed improvement, from the standpoint of appearance and accessibility, would be benefited at least $3 per foot on Henderson street and seventy-five cents to $1.50 per foot on the intersecting streets.

It is contended (1) that the ordinance is unreasonable and void because the improvement is wholly unnecessary; (2) that the engineer's estimate is not in compliance with the statute; (3) that there was error in the admission and exclusion of evidence; and (4) that there was error in the giving and refusing of instructions.

Upon the first objection, appellee suggests that there is nothing before the court on this appeal to show that the trial court committed error in overruling the legal objections; that there is nothing in the abstract of the record to show that the points raised in certain objections, of which this is one, were brought to the attention of the trial court. A reference is made in the abstract to all of the legal objections in the following language: "The printed form of objections employed so frequently in Cook county assessments, containing 110 objections, is filed, and inasmuch as the sufficiency of said objections to cover the point being raised has not been questioned, those objections are not set forth in the abstract." It does not appear that any motion was made to require the objector to specify the particular objections upon which it intended to rely, but this would not relieve the objector of the duty to abstract particular objections upon which it relied and of assigning error upon them. Objections specifically relied upon should be set forth in the abstract. (*Village of Northbrook* v. *Sterba,* 318 Ill. 360; *Glassman* v. *Lescht,* 318 id. 128; *Bedinger* v. *May,* 323 id. 187). There was evidence offered at the hearing of legal objections and it has been abstracted, both for and against the necessity of the improvement. One of the objections filed was that there was no necessity for making the improvement, and an assignment of error sufficiently covers the question.

The court will not hesitate to hold an ordinance void if it clearly appears from the evidence that the improvement for which it provides is unnecessary. The necessity, character and extent of a public improvement in a city are com-

mitted to the judgment of the city council, but such judgment must be exercised in a reasonable manner in view of the circumstances and surrounding conditions. (*City of Carbondale* v. *Reith,* 316 Ill. 538; *City of Chicago* v. *Municipal Engineering and Construction Co.* 283 id. 160; *City of Chicago* v. *Arnold,* 261 id. 142; *South Park Comrs.* v. *Pearce,* 248 id. 578.) In each of those cases, because the facts and surrounding circumstances positively showed the improvement was not needed, the ordinance was held void. While some of the testimony offered on the hearing on benefits was somewhat similar in nature to some of the testimony offered on the hearing on legal objections, the necessity for the improvement can be questioned only upon legal objections. On the hearing on benefits the jury has nothing to do with the necessity for the improvement. (*Houston* v. *City of Chicago,* 191 Ill. 559; *Wells* v. *City of Chicago,* 202 id. 448; *City of Rock Island* v. *Marshall,* 263 id. 133.) We cannot say from the evidence offered in this case that the proposed improvement is wholly unnecessary and that therefore the ordinance is void. There was, however, error committed in the course of the hearing on benefits which requires a reversal of the judgment.

The contention that the engineer's estimate is not a compliance with the statute because it does not furnish the property owner information as to the nature, kind and extent of the improvement need not be considered. There is no specific assignment of error covering this objection. The error must be specifically pointed out in the assignments of error. *Village of Northbrook* v. *Sterba, supra.*

It is contended that two witnesses for appellee testified to the value of appellant's property before the improvement without any familiarity with the chemical business and the restricted use of the buildings and machinery adapted solely to such purpose. They testified that they were familiar with industrial property and gave the reasons for their opinion that the property would be specially benefited. While

the rule may be different as to a public or *quasi* public corporation devoting property to a special use, land owned by a private corporation and devoted to private use is subject to assessment regardless of the special use of the property. The use being merely voluntary, the owner may change it at any time and obtain the benefit of the improvement. (*City of Lincoln* v. *Chicago and Alton Railroad Co.* 262 Ill. 11; *Clark* v. *City of Chicago,* 166 id. 84; *Leitch* v. *Village of LaGrange,* 138 id. 291.)   The testimony of the witnesses upon this phase of the case was admissible.   On cross-examination, however, it was shown that one of the witnesses had testified a number of times in the preceding three years for the city in cases of the same nature as this. When he was asked on what basis he was paid the question was objected to but was answered and the answer stricken.   He was also asked how much money he had received from the city for testifying in that class of cases during the last year.   To this question an objection was interposed and sustained.   While the extent of cross-examination is largely within the discretion of the trial court it is proper to show the interest of a witness, and under certain conditions of the evidence it may have a very material bearing.   (*McMahon* v. *Chicago City Railway Co.* 239 Ill. 334.) In *Kerfoot* v. *City of Chicago,* 195 Ill. 229, it was said that it would manifestly be important, where witnesses had repeatedly testified for the city, "to know whether they were receiving only fair and ordinary compensation for their time or whether the employment was of such a character and the compensation such as to make it desirable that the employment should continue and that the city should be fully satisfied with the opinions given.   Undoubtedly it was necessary for the city to employ the witnesses, but we think the defendants were entitled to have the jury know what the arrangement was under which the opinions were formed and testified to."   In the present case the circumstances were such as to justify the question on cross-ex-

330—18

amination.  It was error to exclude the two questions men‑
tioned on cross-examination.

It is also objected that the court should not have per‑
mitted one of the witnesses to testify to an increase in value
of the property by reason of the improvement in appear‑
ance created by the proposed sidewalk.  Apart from the
question of whether an improvement is local or general, it
"is made primarily for the accommodation and convenience
of the inhabitants."  (*City of Waukegan* v. *DeWolf,* 258
Ill. 374.)  It signifies an actual or presumptive betterment
involving the idea of permanency.  (*Illinois Central Rail‑
road Co.* v. *City of Decatur,* 154 Ill. 173.)  Accommoda‑
tion and convenience suggest use and utility rather than ap‑
pearance.  The improvements which a municipality makes
or may make are such, only, as are within the legislative
contemplation—those contributing to utility.  (*City of Chi‑
cago* v. *Blair,* 149 Ill. 310.)  A municipality would not be
justified in constructing a sidewalk to improve the appear‑
ance of a street without reference to its use.  The city does
not have the right to exercise the police power from esthetic
considerations, (*People* v. *City of Chicago,* 261 Ill. 16,)
and by analogy it would not have the taxing or assessing
power based upon such considerations.  We have held that
if an existing pavement is good, a municipality is not justi‑
fied in tearing it up merely to construct one better adapted
to the purpose of a pleasure driveway.  (*South Park Comrs.*
v. *Pearce, supra.*)  The witness' testimony concerning bene‑
fits was not confined to appearance but included accessibil‑
ity.  He testified, however, that appellant's property would
be benefited in appearance, alone, more than the amount of
the assessment.  The question to which the answer was given
was objected to and an exception taken.  The question was,
"What special benefit will the property derive from this
improvement?"  The questions properly under considera‑
tion were whether the land of the objector had been as‑
sessed more than it is benefited or more than its propor‑

tionate share of the cost as determined by the estimate. Whatever evidence tended to establish a fact relevant to those issues was admissible. (*DeKoven* v. *City of Lake View*, 131 Ill. 541.) The benefit created by appearance or anything but actual and real benefits, as contemplated by the constitution and statute, is too remote to be considered in arriving at increased value. (*City of Chicago* v. *Blair, supra; Village of Bensenville* v. *Chicago, Milwaukee and St. Paul Railway Co.* 316 Ill. 352.) Opinions, to be admissible, must result from a consideration of lawful elements constituting the benefit. (*City of Kankakee* v. *Illinois Central Railroad Co.* 263 Ill. 589; *City of Kankakee* v. *Illinois Central Railroad Co.* 264 id. 69; *City of Highwood* v. *Chicago and Northwestern Railway Co.* 276 id. 98; *City of Chicago* v. *Lord,* 276 id. 533.) That part of the testimony relating to value based upon appearance was not admissible. No objection or exception to the answer or motion to strike it is found in the abstract of the record, but the question is presented, and inasmuch as the judgment must be reversed for other reasons it is noticed, as it might be repeated at another trial.

It is contended that the court erred in instructing the jury to sign verdict numbered 1 if they found, from a preponderance of the evidence, that the property of the objector had not been assessed more than it would be benefited or more than its proportionate share of the cost of the improvement. The instruction is in accordance with the last part of section 49 of the Local Improvement act. (Cahill's Stat. 1927, p. 334.) It was not necessary to incorporate the word "specially" before the word "benefited" in the instruction. (*McLennan* v. *City of Chicago,* 218 Ill. 62.) The instruction did not purport to direct a verdict but only prescribed the form of verdict upon a certain finding. It is said, also, that the instruction is erroneous in that it directs the verdict upon the evidence, alone, and thereby excluded from the consideration of the jury their

view of the premises, which was permitted by the court. The view, or the facts ascertained by the jury upon such view, cannot be considered as evidence in arriving at the verdict in a special assessment proceeding. (*Rich* v. *City of Chicago,* 187 Ill. 396; *Osgood* v. *City of Chicago,* 154 id. 194.) It would be improper to instruct the jury that their view could be considered as evidence in this sort of case.

It is also contended that the next instruction was erroneous in that it directed the jury to consider the esthetic effect of the proposed improvement. The jury were instructed that in determining the amount of special benefits to be assessed against the property objected for, "you may consider the effect of the proposed improvement upon the fair cash market value of such property in connection with its present use, if any, and in connection with the highest and best use to which it can be devoted or applied, as shown by the evidence in the case, if any." The instruction itself was not improper and if applied to the proper evidence in the case would not be misleading. In view of the fact that a witness was permitted to testify that appellant's property was improved in appearance to the full extent of the assessment, the instruction might justify the jury in concluding that the element of appearance was sufficient to warrant the assessment. The instruction, while stating a correct rule of law when applied to competent evidence, may have been misleading because of the incompetent evidence.

It is contended by appellant that the following instruction does not differentiate between special benefits and benefits enjoyed generally by all property in the neighborhood:

"The court instructs the jury that there are only two issues to be tried in this case, namely: whether the property or any of the property objected for has been assessed more than it will be benefited by the said improvement, and whether the said property has been assessed more than its proportionate share of the cost of the said improvement. All other questions have been decided by the court as legal

objections and are not to be considered by the jury in this case."

This instruction was proper. (*Kelly* v. *City of Chicago*, 148 Ill. 90; *Clark* v. *City of Chicago, supra.*) It sufficiently confined the benefits to the property in question. For the reasons heretofore stated the word "special" or "specially" was not necessary to be incorporated in it, and it was not erroneous. *McLennan* v. *City of Chicago, supra.*

Another instruction that the jury might take into consideration all the natural and probable results which might follow from the improvement is said to be erroneous. It did not limit the jury's right to draw its conclusions from the evidence in the record. The instruction should have contained that limitation. *Muren Coal and Ice Co.* v. *Howell,* 204 Ill. 515; *Cleveland, Cincinnati, Chicago and St. Louis Railway Co.* v. *Jenkins,* 174 id. 398; *City of Freeport* v. *Isbell,* 83 id. 440; *Carney* v. *Marquette Coal Co.* 260 id. 220.

Counsel for appellee assert that because the instructions are taken as a series and the first instruction used words showing that the jury's conclusions must be based upon the evidence, the jury would understand that no conclusions could be drawn except from the evidence. The jury might have that understanding, but common observation of the result of jury trials shows the jurors are not conversant with distinctions of that character. Like observation leads to the conclusion that they are often unwilling to be governed by them. The first instruction was merely an instruction as to the form of verdict to be signed if the jury found from the evidence that the property of the objector had not been assessed more than it would be benefited nor more than its proportionate share of the assessment. It was an independent statement even though it was to be taken as one instruction in a series. It is not similar to an instruction containing several clauses, in which it is un-

necessary to repeat in each clause a preface contained in the first, to which all the clauses relate.

An instruction which attempted to define preponderance of the evidence contained this language: "and if you believe, from the evidence and from all the facts and circumstances appearing from the evidence in the case, that the evidence of a smaller number of witnesses on one side is more credible and trustworthy than the evidence of a greater number of witnesses on the other side, then and in that event you are instructed that the preponderance of the evidence is on the side of the smaller number of witnesses." It is admitted the instruction is poorly worded. While it is doubtful whether it was prejudicial, it could not be helpful to the jury and should not have been given. It contained an abstract statement of the law and left the jury to conjecture as to its meaning and application in arriving at a verdict.

It is contended the following instruction should have been given on behalf of the objector:

"The court instructs the jury as a matter of law that if you believe from the evidence in this case that the proposed sidewalk, if constructed, would not be used to any substantial extent by persons for the purpose of ingress and egress from the property assessed, you should find the issues for the objector."

The means of access to the property is important in determining the value of the property, but the question of benefits must finally rest upon increased value by reason of the improvement, which is the only basis for the assessment. (*Jones* v. *City of Chicago,* 206 Ill. 374; *City of Highwood* v. *Chicago and Northwestern Railway Co. supra.*) The words "to any substantial extent" would be of no service as an aid to the jury in arriving at a verdict. It was not error to refuse it.

Objections are made to other instructions, but they are not deemed of sufficient importance to be noticed.

It is contended by counsel for appellant that the ordinance for the proposed sidewalk is unreasonable and void; that it is unnecessary. One of the errors assigned is that the judgment of confirmation is contrary to the evidence. The evidence offered by the objectors upon the question of benefits was equivalent to an indication that the necessity for the improvement was being questioned, though for such purpose, alone, the evidence would not be proper. It was shown, on the one hand, that the improvement would furnish sidewalk facilities on both sides of Henderson street between Kimball and North Central Park avenues, which are open or through streets, without the necessity of those living north of Henderson street crossing over to the south side of the street if they wished to go either east or west and turn back to the north after reaching either Kimball or North Central Park avenue, as the case might be, and, on the other hand, it was testified that the improvement was not needed for the use of appellant's employees or customers. It is not constructed for that purpose, only. It could not be definitely shown how much the improvement would be used if the sidewalk was there. Pedestrians would not ordinarily walk on a path though a part of it was of cinders. Evidence to that effect was largely speculation. While the knowledge of the places of residence of employees of appellant might permit the positive testimony to be given that they would not use the sidewalk when constructed and that customers of the plant would not use it, those persons do not constitute an appreciable part of the population entitled to use it.

The judgment of the county court is reversed and the cause is remanded.

Per CURIAM: The foregoing opinion reported by Mr. Commissioner Crow is hereby adopted as the opinion of the court, and judgment is entered in accordance therewith.

*Reversed and remanded.*