**NORFOLK AND WESTERN RAILWAY COMPANY, and VIRGINIA HOLDING CORPORATION et, Plaintiffs, v. SCHAEFER, Recorder of Franklin County, Defendant.**

Common Pleas Court, Franklin County.

No. 188669.   Decided April 22, 1954.

Alexander, Ebinger & Wenger, Arvin J. Alexander, Vernon W. Wenger, Thomas W. Applegate, Ray E. Hughes, Raglan R. Reid, Columbus, for plaintiffs.

J. Baxter Evans, Asst. Pros. Atty., W. S. Lyman, Sr., Special Asst. Pros. Atty., Columbus, for defendant.

## OPINION

By CLIFFORD, J.

This cause comes before the Court on plaintiff's applications by petition, defendant's answer, the briefs of the parties and the evidence adduced at the trial. The three cases were consolidated and tried together. By stipulation, plaintiffs are interested parties in this cause.

Certain territory within the Township of Clinton, County of Franklin, is sought to be organized into an incorporated village under the name of "Village of Lin Lea." The papers filed by the Township Trustees pertaining to the incorporation of the proposed village were placed in the hands of the Recorder of this county for record. Plaintiffs bring this action, praying that an injunction may issue restraining the Recorder from making a record of the said proceedings and certifying the transcript thereof to the Secretary of State as provided by law.

Although the respective parties have raised many legal questions either in behalf of or against the proposed incorporation, the Court will discuss only two matters upon which this particular incorporation must stand or fall.

Both of these matters are expressly set out in the statutes, and since municipal corporations are creatures of the statutes, a priori, the creation of a municipal corporation must substantially conform to the requirements of the creating statutes. In order to determine if the minimum requirements of the statutes have been complied with in this case, the Court will refer to the statutes which apply.

Sec. 707.15 R. C. (§3526 GC) and §707.04 R. C. (§3519 GC), respectively require, inter alia, that **the petition to the Board of Township Trustees** shall be accompanied "by an accurate may of the territory" and "an accurate description of the territory embraced within the proposed municipal corporation." The Court has examined the petition to the Board of Township Trustees of Clinton Township in this matter and it is evident that neither an accurate map nor an accurate description have been submitted to the Board of Township Trustees. The description in the petition inadvertently incorporated therein 8.634 acres owned by Emily P. Benua, which acreage is a part of the City of Columbus An examination of the map submitted with the petition reveals it to be such a patently inadequate drawing that the Court is compelled to hold that the may does not comply with the statutory requirement that an accurate map accompany the petition to the Board of Township Trustees. Other patent inaccuracies are apparent upon examination of the description of the territory sought to be incorporated. The Court is constrained to hold that the requirements of the statutes have not been sufficiently complied with in the case at bar.

Although it is quite true that the intent of the law is not that the description and accompanying map be meticulously and mathematically correct in all its details, it is the intent of the law that it be possible to ascertain from them the limits of the territory to be incorporated. A map or description from which bona fide disputes may arise concerning the location of boundaries does not have that degree of certainty which the statute requires. This case is not analogous to **Coy v. Foster, 2 Abs 230,** wherein the court characterized the description "imperfect * * * yet not inaccurate."

Proponents for the incorporation contend that a more accurate map was prepared after the election was held and that thereby any inaccuracy in the map submitted to the Board of Township Trustees is cured. This is not the law, and if it were, the inaccuracies in the **description** in the petition submitted to the Board of Township Trustees and upon which the electorate voted, stand incorrected. This Court adopts the view set forth by the court in **Wachendorf v. Kearns, 33 O. O. 458, 69 N. E. 64,** wherein the court said at page 459:

"In action to enjoin the recording of the proceedings before township trustees and forwarding the record to the Secretary of State, the court has no power to change the limits of the proposed territory. **The result of the election stands or falls.**"

Since the petition to the Board of Township Trustees contained an inaccurate description of the property and included part of the City of Columbus within the area sought to be incorporated, the Court has no alternative but to enjoin the Recorder from making official record of the said proceedings and from certifying the transcript thereof as provided by statute.

In conclusion, brief comment is necessary to treat the contention of counsel that since the Recorder has already recorded the transcript of proceedings before the township trustees, this Court cannot enjoin an act already performed. This contention has no merit. Even if it be admitted that recordation is complete in the office of the Recorder, no proper certification has been made to the Secretary of State. However, even if all physical acts for recordation and certification have been completed, the power of this Court to enjoin remains unimpaired by express provision of statute. At **28 O. Jur. 59,** we find the following language quoting §3531 **GC** which is now replaced by §707.20 **R. C.**:

"The statute relating to the incorporation of villages by a proceeding before township trustees further provides with respect to remedies to prevent such incorporation: 'No injunction shall be brought, as herein provided in case of filing the transcript with the county commissioners, unless the action be instituted within ten days from the filing of the papers by the trustees with the county recorder, but the right of petition to the court of common pleas for error shall exist as provided in the following sections of this chapter.'"

In the light of this statute just referred to, **Miner v. Witt, 82 Oh St 237,** cited by proponents for incorporation, does not apply to the case before this court because this' case is not moot as was Miner v. Witt. In addition to the rights of plaintiffs to file the error proceedings above enumerated, it must be noted that the Recorder is presently enjoined from making certification to the Secretary of State.

Whereupon, the Court finds that there is error in the proceedings to incorporate the proposed Village of Lin Lea and it is ordered that an injunction issue as prayed for to enjoin the Recorder of Franklin County from making a record of the proceedings herein and of certifying the transcript thereof as provided by law. Entry may be drawn accordingly.