## HARRIS v. UNITED STATES.
### No. 9757.

United States Court of Appeals
District of Columbia.

Argued June 9, 1948.

Decided July 14, 1948.

Writ of Certiorari Denied Nov. 22, 1948.
See 69 S.Ct. 161.

Mr. Robert I. Miller, of Washington, D. C., with whom Mr. Joseph A. McMenamin, of Washington, D. C., was on the brief, for appellant.

Mr. John D. Lane, Assistant United States Attorney, of Washington, D. C., with whom Messrs. George Morris Fay, United States Attorney, and Arthur J. McLaughlin, Assistant United States Attorney, both of Washington, D. C., were on the brief, for appellee. Mr. Sidney S. Sachs, Assistant United States Attorney, of Washington, D. C., also entered an appearance for appellee.

Before EDGERTON, CLARK, and PROCTOR, Associate Justices.

EDGERTON, Associate Justice.

The appellant, Minnie Harris, is convicted of murder in the second degree. Her husband James Harris was killed with an axe while he was asleep in their home. The sufficiency of the evidence against her is not questioned. There was evidence of her motive, design, opportunity, immediate knowledge of the crime, and consciousness of guilt. Appellant showed her consciousness of guilt both by concealing her immediate knowledge of the crime and by resorting to forgery to divert suspicion. She forged a letter to a friend of her husband which purported to be a confession of the murder by "Jimmy Cohen." A handwriting expert testified that appellant wrote this letter. It was superscribed "Thersa Hotel." Appellant had been at a "Theresa Hotel" five years before. "Jimmy Cohen" was unknown there.

Appellant contends that "even though the proof showed that it was written by her" the letter was not admissible in evidence. It was clearly admissible, for fabrication of evidence of innocence is cogent evidence of guilt. Wilson v. United States, 162 U.S. 613, 621, 16 S.Ct. 895, 40 L.Ed. 1090; United States v. Werner, 2 Cir., 160 F.2d 438, 441. It does not matter that the letter was postmarked and delivered several months after the crime was committed. The crime was still under investigation, as appellant knew.

At the close of the trial, counsel attempted to base an argument against the credibility of the handwriting expert on the fact that a reward of $1,500 had been offered. The court stopped this argument. Since pecuniary interest may affect credibility, the fact that a witness is to receive a reward if a defendant is convicted may be admitted in evidence. Wigmore, Evidence, 3d ed., § 969. But there was no evidence that this witness was to receive a reward. He was the Police Department's examiner of questioned documents. Other members of the Department investigated

the crime and arrested the appellant. This witness merely formed and expressed, in the course of his employment, an opinion on a technical matter. It is not clear that this was necessary in order to connect appellant with the letter, or that connecting her with the letter was necessary to her conviction. Since there was no evidence that the witness would receive a reward, counsel might properly be prevented from suggesting that he would. Moreover counsel was not prevented from suggesting that the witness would receive a reward. When counsel was stopped he had already described a witness, evidently meaning the examiner of documents, as "a man who works for the Police Department, where there was a $1,500 reward—". This abbreviation could not affect appellant's substantial rights.

Affirmed.