Robert Edward **DAVIS**, Appellant,

v.

**UNITED STATES** of America, Appellee.

No. 5166.

United States Court of Appeals Tenth Circuit.

Nov. 12, 1955.

Sam W. Moore and David Tant, Oklahoma City, Okl., on the brief, for appellant.

H. Dale Cook, Asst. U. S. Atty., Oklahoma City, Okl. (Paul W. Cress, U. S. Atty., Oklahoma City, Okl., was with him on the brief), for appellee.

Before PHILLIPS, Chief Judge, HUXMAN, Circuit Judge, and SAVAGE, District Judge.

SAVAGE, District Judge.

This is an appeal from a judgment of conviction in the United States District Court for the Western District of Oklahoma. The appellant was found guilty by a jury of the illegal transfer of bulk marihuana and was sentenced to a term of imprisonment of five years.

The only assigned error urged by the appellant is that the court made unreasonable comments on the evidence in his charge to the jury. The charge, in pertinent part, follows:

" * * * I feel also it is my duty to state to you that a lot of people don't realize what a heinous crime it is to fool with drugs and defendant might not realize it when he did, but it is a crime. I think you should consider the fact within your knowledge of the ease or the difficulty of proving a transaction of the crime charged. I feel obligated to say to you that under this evidence, I am of the opinion, beyond a reasonable doubt, that the defendant did commit the act as charged, and I say that so that in the event you come to the same conclusion, you will know that I am of the same opinion, and at the time I say it, I don't take away from you at all your sole right as the judges of the facts, and if you don't agree with me it is your duty to follow your own conscience, and if you did, I am inclined to believe it would put a reasonable doubt in my mind, but I feel from my experience I have a duty in this kind of a case to so express an opinion and I have done it, and at the same time I caution you to use your own judgment and not put any greater weight on it than it should have. If you have a reasonable doubt as to the guilt of this defendant, it would be your duty to acquit him."

■■ It is well recognized that a trial judge in an United States District Court may comment on the evidence and express an opinion thereon in his charge to the jury. Indeed, in many cases, it is his clear duty to do so. Minner v. United States, 10 Cir., 57 F.2d 506. However, it was made quite clear in the Min-

ner case that, in analyzing and commenting on the evidence, the judge exercises discretion subject to limitations inherent in the very nature of the judicial office. It was there said, at page 513: " * * * He should state the evidence fairly and accurately, both that which is favorable and that which is unfavorable to the accused. His statements should not be argumentative, but impartial, dispassionate, and judicial; and they should be so carefully guarded that the jurors are left free to exercise their independent judgment upon the facts."

But it can hardly be said that the trial court commented on the evidence in the case at bar. There was obviously no attempt made to summarize it. Rather the court was content to make a statement laying emphasis upon the heinousness of the offense charged and to express an opinion that the evidence convinced him of the guilt of the defendant beyond a reasonable doubt.

The circumstances under which a judge may, with propriety, inform the jury that he is of the opinion that a defendant on trial is guilty are stated by the United States Supreme Court in United States v. Murdock, 290 U.S. 389, 394, 54 S.Ct. 223, 225, 78 L.Ed. 381:

"In the circumstances we think the trial judge erred in stating the opinion that the respondent was guilty beyond a reasonable doubt. A federal judge may analyze the evidence, comment upon it, and express his views with regard to the testimony of witnesses. He may advise the jury in respect of the facts, but the decision of issues of fact must be fairly left to the jury. Patton v. United States, 281 U.S. 276, 288, 50 S.Ct. 253, 74 L.Ed. 854; Quercia v. United States, 289 U.S. 466, 53 S.Ct. 698, 77 L.Ed. 1321. Although the power of the judge to express an opinion as to the guilt of the defendant exists, it should be exercised cautiously and only in exceptional cases. Such an expression of opinion was held not to warrant a reversal where, upon the undisputed and admitted facts, the defendant's voluntary conduct amounted to the commission of the crime defined by the statute. Horning v. District of Columbia, 254 U.S. 135, 41 S.Ct. 53, 65 L.Ed. 185."

The courts which have considered the question in the light of the Murdock decision have held that the exceptional cases which warrant the expression of such an opinion are limited to those in which the facts essential to the proof of guilt are virtually undisputed. Hartzell v. United States, 8 Cir., 72 F.2d 569; United States v. Meltzer, 7 Cir., 100 F.2d 739; United States v. Link, 3 Cir., 202 F.2d 592.

■ The government rested its case primarily upon the testimony of Grove, an informer, who stated that he purchased marihuana from Davis. The informer's testimony was corroborated in part by other witnesses. The appellant, however, testifying in his own behalf, asserted that he did not sell or transfer marihuana to the government informer. The crucial facts were in dispute no matter how incredible the testimony of the defendant may have been. Under these circumstances the court erred in stating to the jury that he was convinced beyond a reasonable doubt of the guilt of the defendant. His assurance to the jury that it was the sole judge of the facts and should acquit the defendant if not convinced of his guilt beyond a reasonable doubt did not repair the damage done.

■ It is argued by the appellee that the assigned error should not be considered by the court because of the appellant's failure to comply with Rule 30 of the Federal Rules of Criminal Procedure, 18 U.S.C.A. by stating before the jury retired the matter to which he objected and the ground of his objection. The purpose of the rule is to afford the judge an opportunity to correct any mistakes which may have been made in giving his instructions before the jury retires to consider its verdict. In view of the recital by the court which appears in the record "that prior to the retirement

of the jury the attorney for the defendant excepted to my expression of an opinion to the jury" we regard this contention to be without substance.

Reversed and remanded.