Raymond Earl FOSTER, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 6309.

United States Court of Appeals
Tenth Circuit.

July 29, 1960.

Rehearing Denied Aug. 19, 1960.

————◆————

Carroll Samara and Philip R. Douglas, Oklahoma City, Okl., for appellant.

Jack R. Parr, Oklahoma City, Okl. (Paul W. Cress, Oklahoma City, Okl., was with him on the brief), for appellee.

Before MURRAH, Chief Judge, and PHILLIPS and BREITENSTEIN, Circuit Judges.

MURRAH, Chief Judge.

Appellant was convicted and sentenced for violating the laws relating to the acquisition, transferring, smuggling and selling or dealing in marijuana. 26 U.S. C.A. §§ 4744(a) (1), 4724(a), 4755(a), 21 U.S.C.A. § 176a.

On appeal he complains that 1) he was denied his constitutional right to a fair impartial trial by jury because the trial court excluded testimony offered for the purpose of impeaching a government witness and attacking his credibility; 2) the trial court erred in not permitting a more searching cross-examination of the government's witness concerning his employment as a "special employee" for Federal narcotic agents.

Government witness, Wallace Moore, testified that he was working as a special employee for the government under the direction of narcotic agents and that appellant had sold him marijuana as charged in the indictment. The government's case is based primarily upon his testimony.

On cross-examination Moore admitted that he had been arrested and held in custody in 1957 along with several others for smoking marijuana, and that he thereafter agreed to become an informer for Federal narcotic agents for which he received only his expenses. He further admitted that he had used marijuana but repeatedly denied having sold it to certain specific persons named by appellant's counsel. Appellant then offered the testimony of the specific persons named in Moore's cross-examination as either having purchased marijuana from him or having seen him sell it to others in their presence. The court sustained the government's objection to the proffered testimony for the stated reason that the witness was not on trial and his credibility could not be collaterally attacked by proof of particular acts of misconduct which he denied on cross-examination.

Apparently for purely policy reasons the law has always excluded extrinsic testimony to show the general bad moral character of a witness, 3 Wigmore, Evidence (3 ed. 1940) §§ 878, 923; or particular acts of misconduct evidencing bad moral character, Id. §§ 977, 979, 1002, 1005a; or to contradict statements made by the witness in connection therewith. Id. §§ 1001, 1003, 1005a, 1020. " * * * it is * * * an established general rule that when a witness is cross-examined for the purpose of discrediting his veracity by proof of specific acts of misconduct not the subject of a conviction, the examiner must take his answer as it is given and is not free to bring in independent proof to show that the answer was untrue." United States v. Sweeney, 3 Cir., 1959, 262 F.2d 272, 277; See also United States v. Masino, 2 Cir., 1960, 275 F.2d 129.

The reason for the rule is that, as the trial court observed, the witness is not on trial, his character is not in issue and extrinsic testimony in respect thereto tends to confuse the issues and promote unfair surprise and multifariousness. The rule is generally qualified however to admit collateral character-veracity evidence, i. e., evidence of general reputation for truth and veracity.

See Wigmore, op. cit., § 923; extrinsic evidence relating to specific traits of chastity of the complainant in sex offenses, Id. §§ 924, 924a, and of insanity and other organic incapacities such as intoxication and drug addiction. Id. §§ 931–34. The record evidence of a conviction of a crime involving moral turpitude is also admissible to contradict the witness's denial. Id. §§ 926, 1005a; Arnold v. United States, 10 Cir., 94 F.2d 499; Coulston v. United States, 10 Cir., 51 F.2d 178.

The prohibition against extrinsic testimony is also inapplicable to evidence tending to show bias, corruption and interest of a witness, op. cit., §§ 943–68; Ewing v. United States, 77 U.S.App. D.C. 14, 135 F.2d 633. Mr. Wigmore describes bias as covering "all varieties of hostility or prejudice against the opponent personally or of favor to the proponent personally." He describes interest as signifying "the specific inclination which is apt to be produced by the relation between the witness and the cause at issue in the litigation." He describes corruption as "the conscious false intent which is inferrible from giving or taking a bribe or from expressions of a general unscrupulousness for the case in hand." Wigmore, op. cit., § 945; And see §§ 948, 969; See also Ewing v. United States, supra.

The extrinsic evidence was not offered to contradict questions propounded to the witness concerning his bias, corruption or interest. The question whether the witness had sold marijuana to the parties inquired about was not intended to show his hostility against the defendant, his fear or favor of the government growing out of his past conduct or to betray a willingness to be unscrupulous in his testimony. Rather the testimony was offered for the avowed purposes of discrediting the veracity of the witness by proof of specific acts of misconduct not subject of a conviction. And as we have seen the answers to such questions on cross-examination are not subject to collateral contradiction. United States v. Masino, supra; United States v. Sweeney, supra.

In the course of a very extensive and exhaustive cross-examination of the witness concerning his status as a special employee of Federal narcotic agents, he was asked how many cases he thought he had worked on in the past eighteen months. The court sustained an objection to the question as immaterial and appellant complains of it as an undue curtailment of the right of cross-examination touching the credibility of the witness.

Undoubtedly the tenor of the question went to the credibility of the witness and of course it was permissible for the defense to develop any facts bearing upon his motives to falsify his testimony or to weaken or impair its probative value in the minds of the jury. If impeaching testimony affecting credibility is to be confined to cross-examination in the manner we have indicated, cross-examination of the witness on matters pertinent to his credibility ought to be given the "largest possible scope." See Wigmore, op. cit., § 944; McCormick, Evidence, §§ 19–20, 22 (1954); United States v. Sweeney, supra.

But in the last analysis the trial court is the governor of the trial with the duty to assure its proper conduct and the limits of cross-examination necessarily lie within its discretion. And we should not overrule the exercise of that discretion unless we are convinced that the ruling of the court was prejudicial. Glasser v. United States, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680; Alford v. United States, 282 U.S. 687, 51 S.Ct. 218, 75 L.Ed. 624; District of Columbia v. Clawans, 300 U.S. 617, 57 S.Ct. 660, 81 L.Ed. 843; 58 Am.Jur., Witnesses, § 621. On the whole record we cannot say that the ruling of the court amounted to prejudicial curtailment of cross-examination of the witness. Judgment is affirmed.