**Jack D. McBRIDE, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 7147.**

United States Court of Appeals
Tenth Circuit.

Jan. 31, 1963.

Sam W. Moore, Oklahoma City, Okl., for appellant.

John W. Raley, Jr., Asst. U. S. Atty. (B. Andrew Potter, U. S. Atty., on the brief), for appellee.

Before BREITENSTEIN, HILL and SETH, Circuit Judges.

SETH, Circuit Judge.

The appellant was tried by a jury and convicted on one count of an indictment charging conspiracy to use the mails to defraud and to obtain money by false pretenses. The scheme described in the indictment centered about a corporation which was owned by one of the three individuals with whom appellant was charged in the conspiracy count. The indictment described the plan as one where the corporation would mail pamphlets and similar material to individuals and small corporations generally throughout the southwestern states offering to obtain loans for them. Among this material would be a reply card which would be returned by mail if the addressee was interested. Upon receipt of the card the sender would be advised that a salesman would call and present a contract for the services of the corporation. Representations were made that loans could and would be obtained for the individuals or small businesses from various financial and loaning institutions. The salesman would obtain from the prospect the prepayment of a portion of the fees to be

charged by the corporation for procuring the loan. The indictment further alleged that the scheme was fraudulent and that the corporation and the individuals made no bona fide attempt to secure loans for the individuals or corporations from whom fees were received. The conspiracy charge, which is the only one upon which the appellant was tried, describes him as a salesman. As such he contacted the prospects, received from them checks or money as fees to the corporation, and was paid a commission on these amounts.

The principal defense made by the appellant during the course of trial was that he was only an employee; that he was only a salesman instructed to contact designated persons or firms, and that he did not know any fraudulent intention or purpose for which the corporation was organized, nor such intention or lack of good faith of the individual who owned and directed the corporation nor of the others concerned.

The appellant asserts that the trial court committed error as to several matters not here considered and most of which are within the discretion of the trial court. In addition he asserts that the trial judge committed error in making certain comments to the jury at the close of the case, and it is this point with which we are concerned in this opinion.

The trial judge at the conclusion of his formal instructions to the jury, during which he told them several times that they were the sole judges of the facts, the weight of the evidence, and the credibility of the witnesses, made the following remarks:

"Now at this point I should like to say, as the third member or thirteenth member of the jury, that this is a rather simple case.

"The facts are clear in my mind that this little corporation was organized but for one purpose, and that is to use the mails and to defraud people, little people, out of money.

"I believe from the evidence that Mr. Rogers had no intention at any time to be in good faith in his work, in the organization of the company, the use of the mails, sending salesmen out to go out and prey upon people who were in desperate need of some financial help.

"Now we get down to later; this accused was employed or engaged. I can't help but believe that he knew of all the lack of good faith in the business that he joined up with. I can't help but believe that he went about Texas and Louisiana and Mississippi, he knew that he was doing wrong. He is bound to have known it.

"Now I don't know. He says that he did it in good faith and that he was employed and that he worked as an employee, that he reported these things in order that somebody might, the company might make these loans. I can't help but believe that the accused here knew well when he started out that he was going to make a commission and whether or not he ever saw these poor people again or not it made little or no difference to him.

"My views are that it's pretty serious business when we permit the people to use our mails and take advantage of our people.

"Now what I have said to you is simply my views and you must disregard it. I have nothing to say except that I can make remarks as I have; but you must disregard what I have said about this case.

"You are the sole jurors in this case. You must pass upon this evidence yourself, so I am asking you to disregard what I have said to you with reference to my views. Disregard it completely. Do not consider that I have ever said anything to you."

From the quotation it will be noted that the trial judge first stated that the facts were clear in his mind that the corporation was organized to use the mails to defraud, and that the individual who owned the corporation had no intention of

being in good faith in operating it. Then referring to the appellant particularly, the trial judge stated he could not help but believe that the appellant knew of the lack of good faith of the organization that he had joined, and that he could not help but believe that the appellant knew that he was doing wrong and that "he is bound to have known it." The trial judge then referred particularly to the theory of the defense, and again said that he can't help but believe that the appellant knew from the start that he was going to make a commission whether or not he saw the individuals again and it did not make any difference to him whether he saw them again or not. The trial judge then referred to the serious nature of the charges. The attorney for the appellant objected to the remarks of the court and persists in his objection on this appeal.

The court's remarks are the judge's conclusions based upon his views of the evidence and the testimony presented during the course of the trial. There is no comment on the testimony of any particular witness nor is there any summation or review of the testimony given by any witness nor on any particular point. The comments must instead be taken as a statement of the court that the accused was guilty, and this was not warranted under the circumstances. The comments when considered as a whole coupled with the repeated expression of the judge that "he can't help but believe," give the statement of guilt a definite, unqualified and positive character. Thus we have before us a statement of this nature following the formal instructions to the jury which contained several admonitions to the jury that they were the sole judges of the facts, and followed by the court's advice to the jury that they must pass on the evidence themselves, and that they should disregard what the judge had said as to his views on the case.

This case is controlled by Davis v. United States, 227 F.2d 568 (10th Cir.), decided by this court in 1955. The Davis case was an appeal from a conviction for the illegal transfer of bulk marijuana.

The government's case was based essentially upon the testimony of an informer who stated he had purchased the drug from the defendant. This testimony was corroborated to some extent by other witnesses, but the defendant took the stand and testified that he had not made such a sale to the informer. The trial judge at the conclusion of the case and the instructions commented on the serious nature of the crime and stated:

"I feel obligated to say to you that under this evidence, I am of the opinion, beyond a reasonable doubt, that the defendant did commit the act as charged, and I say that so that in the event you come to the same conclusion, you will know that I am of the same opinion, * * *."

The court then told the jury that he did not take away their sole right to be the judge of the facts and cautioned them to use their own judgment. This court noted that it was well recognized that the trial judge could comment and express an opinion on the evidence. It further observed that the trial judge had not commented on the evidence and had made no attempt to summarize it, and then stated:

"Rather the court was content to make a statement laying emphasis upon the heinousness of the offense charged and to express an opinion that the evidence convinced him of the guilt of the defendant beyond a reasonable doubt."

The opinion then referred to United States v. Murdock, 290 U.S. 389, 54 S.Ct. 223, 78 L.Ed. 381, and quoted from the opinion. The Supreme Court in the cited case stated that it was within the power of the trial judge to express an opinion as to the guilt of a defendant, but that it should be exercised cautiously and only in exceptional cases. This court then went on to say in the Davis case:

"The courts which have considered the question in the light of the Murdock decision have held that the exceptional cases which warrant the expression of such an opinion are limited to those in which the facts es-

sential to the proof of guilt are virtually undisputed."

In the Davis case following his comment as to the guilt of the accused, the trial judge advised the jury that they were the triers of the facts, but this was not sufficient. The court said:

"His assurance to the jury that it was the sole judge of the facts and should acquit the defendant if not convinced of his guilt beyond a reasonable doubt did not repair the damage done."

In United States v. Murdock, supra, the Supreme Court had before it an appeal from a conviction of the appellant for his refusal to give testimony and to supply information as to deductions in his income tax returns made for money paid to others. As part of the charge, the trial judge said, as quoted in the opinion:

"In the course of his charge the trial judge said:

" 'So far as the facts are concerned in this case, gentlemen of the jury, I want to instruct you that whatever the court may say as to the facts, is only the court's view. You are at liberty to entirely disregard it. The court feels from the evidence in this case that the Government has sustained the burden cast upon it by the law and has proved that this defendant is guilty in manner and form as charged beyond a reasonable doubt.' "

Of this the Supreme Court said:

"In the circumstances we think the trial judge erred in stating the opinion that the respondent was guilty beyond a reasonable doubt. A federal judge may analyze the evidence, comment upon it, and express his views with regard to the testimony of witnesses. He may advise the jury in respect of the facts, but the decision of issues of fact must be fairly left to the jury, Patton v. United States, 281 U.S. 276, 288 [50 S.Ct. 253, 74 L.Ed. 854]; Quercia v. United States, 289 U.S. 466 [53 S.Ct.

698, 77 L.Ed. 1321]. Although the power of the judge to express an opinion as to the guilt of the defendant exists, it should be exercised cautiously and only in exceptional cases. Such an expression of opinion was held not to warrant a reversal where upon the undisputed and admitted facts the defendant's voluntary conduct amounted to the commission of the crime defined by the statute. Horning v. District of Columbia, 254 U.S. 135 [41 S.Ct. 53, 65 L.Ed. 185]. The present, however, is not such a case, unless the word 'willfully,' used in the sections upon which the indictment was founded, means no more than voluntarily."

In a previous opinion in Horning v. District of Columbia, 254 U.S. 135, 41 S.Ct. 53, 65 L.Ed. 185, the United States Supreme Court considered a conviction for doing business as a pawnbroker without a license and charging more than six per cent interest. The Court stated in effect that when the facts are undisputed and the testimony of the defendant himself clearly established the offense charged, the judge can tell the jury that it is their duty to return a verdict of guilty. This was said in a case where it appears that the facts were undisputed, and the Supreme Court stated that on the facts submitted there was no doubt of guilt. Thus the Horning case can be taken as laying down the principle later followed in United States v. Murdock, supra, that an exceptional case where the trial court may make a statement as to the guilt of the accused is one where the facts are undisputed. The dissent by four Justices in the Horning case indicates that even under such circumstances, they felt that such a comment was not warranted because it took the case entirely out of the hands of the jury.

In the instant case, the record shows that the facts bearing on the guilt of the appellant were in dispute and especially those relating to his intent and knowledge. The comments of the trial judge amount to an assertion that the

appellant is clearly guilty. Under the circumstances this is contrary to the principles and rules laid down in Davis v. United States, supra, and as stated in the Davis case, the statements by the trial judge that the jury was the final trier of the facts did not serve to "repair the damage done."

In Sadler v. United States, 303 F.2d 664 (10th Cir.), this court considered the Davis case, but found it distinguishable on the facts and held there was no expression of opinion of guilt as to require a reversal as there is in the case at bar.

Reversed, and remanded for a new trial.