**Eufemio ROSADO aka Mike Rosado, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 20950.**

United States Court of Appeals Ninth Circuit.

Dec. 19, 1966.

---

sentence was five years on each count, to be served concurrently.

Appellant presents two alleged errors. Neither has merit.

■■ Appellant first urges that this prosecution rests wholly on circumstantial evidence insufficient to convict. There is much more than circumstantial evidence in the record. Appellant admits the sale of benzedrine pills, but the informant making the transaction for the government was searched prior to his contact with appellant; was observed at all times by government agents during his contact with appellant; appellant was observed receiving "something" from the informer; and the informer thereupon twice returned with heroin, not pills. A reference, heard by government agents over a "Fargo device" worn by the informer, was made by appellant to "½ ounce"—the amount of heroin the informer was heard to ask appellant for over the telephone earlier on the day of the second sale. Thus clearly there existed more than "mere circumstantial evidence;" or "the unsupported testimony of an informer, who was a former narcotics addict."

Nor can we agree the evidence, as a whole, was consistent with appellant's innocence.

■■ Appellant next urges that he was not allowed sufficient latitude on cross-examination. It is true that government counsel repeatedly objected to questions which were obviously proper cross-examination directed to possible bias of government witnesses. Wide latitude must be allowed in cross-examining of witnesses as to possible motives for testifying falsely. If the trial court had acceded to the persistent efforts of government counsel to limit cross-examination in this respect, perhaps the conviction could not stand. The trial judge did not do so. Most of the government's objections were overruled. In one instance in which objections were sus-

Gerald Vance Dicker, Beverly Hills, Cal., for appellant.

Manuel L. Real, U. S. Atty., Robert L. Brosio, Asst. U. S. Atty., Chief Crim. Div., Jules D. Barnett, Asst. U. S. Atty., Chief Fraud Sec. Crim. Div., Los Angeles, Cal., for appellee.

Before WASHINGTON,* BARNES and BROWNING, Circuit Judges.

PER CURIAM:

This is an appeal from the finding of guilt of the appellant by the court, sitting without a jury, on four counts (two of concealment and two of the sale) on two dates of two amounts of heroin. The

---

* George T. Washington, Senior U. S. Circuit Judge, District of Columbia Circuit, sitting by designation.

tained, the trial judge subsequently corrected the error by permitting questions, and by himself interrogating the witness, on the same subject matter.[1]

We affirm.

---

1. The wide discretion given appellant's counsel on any question with respect to "immunity promised the informant" is reflected at R.T. p. 61, lines 6–10; p. 76, lines 1–15; p. 76, line 23 to p. 77, line 21; p. 83, lines 7–25.