Willie James **HARRIS**, Appellant,

v.

**UNITED STATES** of America,
Appellee.

No. 20738.

United States Court of Appeals
Ninth Circuit.

Jan. 19, 1967.

Jack E. Butler, Las Vegas, Nev., for appellant.

Joseph L. Ward, U. S. Atty., Robert S. Linnell, Asst. U. S. Atty., Las Vegas, Nev., for appellee.

Before BARNES, HAMLEY, and BROWNING, Circuit Judges.

BROWNING, Circuit Judge:

We have concluded that the grounds urged for reversing appellant's conviction of narcotics offenses are without merit.

■ 1. Appellant attacks the adequacy of the government's proof of "chain of custody" of the narcotics offered in evidence, primarily on the ground that the narcotics were left for a time in the locked trunk of a government chemist's unattended automobile. A sufficient answer is found in Gallego v. United States, 276 F.2d 914, 916–917 (9th Cir. 1960), and Pasadena Research Laboratories v. United States, 169 F.2d 375, 381 (9th Cir. 1948). See also West v. United States, 359 F.2d 50, 55 (8th Cir. 1966); and Brewer v. United States, 353 F.2d 260, 262 (8th Cir. 1965).

■ 2. Appellant challenges the sufficiency of the evidence as a whole. Aside from proof of the nature of the substance involved, the government's case depended largely on the testimony of the informer Brooks. If Mr. Brooks' testimony is accepted, proof of appellant's guilt was overwhelming. The minor conflicts and discrepancies in the testimony of other witnesses do not detract from this conclusion. The jury chose to believe Mr. Brooks.

■ 3. Appellant contends that cross-examination of Mr. Brooks was improperly limited.

Cross-examination is a right. Its availability is essential to a fair trial. Pointer v. State of Texas, 380 U.S. 400, 405, 85 S.Ct. 1065, 13 L.Ed.2d 923 (1965). Its unhampered exercise is particularly important where the witness is a paid informer and his testimony is crucial to the government's case, as here. District of Columbia v. Clawans, 300 U.S. 617, 630–632, 57 S.Ct. 660, 81 L.Ed. 843 (1937). Nonetheless, we conclude that no reversible error occurred.

(a) Appellant asked a number of questions regarding Mr. Brooks' activities the evening preceding one of the transactions charged. Although objections were at first sustained, Mr. Brooks eventually answered all of appellant's inquiries except one as to the address of the friend with whom Mr. Brooks spent the night. The witness objected to the question. Its relevance was not evident. Nonetheless, appellant's counsel did not tell the court its purpose, but simply stated, "it is essential for the defense of this client." Counsel has been no more enlightening in this court.

■ Although the trial court may not preclude all inquiry into a subject appropriate for cross-examination, it may and should exercise such control over the scope of the examination as is necessary to prevent the parties from unduly burdening the record with cumulative or irrelevant matter. Alford v. United States, 282 U.S. 687, 694, 51 S.Ct. 218, 75 L.Ed. 624 (1931). To enable the court to discharge this duty, when a question is objected to as irrelevant, counsel conducting the inquiry should advise the court of the question's purpose. If he fails to do so, and the question is not "inevitably and patently material" (United States v. Easterday, 57 F.2d 165, 166 (2d Cir. 1932)), the objection may be sustained without error. United States v. Sanchez, 361 F.2d 824, 825 (2d Cir. 1966); United States v. Jones, 360 F.2d 92, 96 (2d Cir. 1966); United States v. Lombardozzi, 335 F.2d 414, 416 (2d Cir. 1964); United States v. Rich, 262 F.2d 415, 418–419 (2d Cir. 1959).

■ (b) Appellant's counsel asked Mr. Brooks how much he had been paid by the government between the date of the last offense charged (August 1965)

and the date of trial (November 9, 1965). The government objected that the question was "irrelevant and immaterial." [1] The objection was sustained.

The question should have been allowed. "[C]ross-examination of the witness on matters pertinent to his credibility ought to be given the 'largest possible scope.'" Foster v. United States, 282 F.2d 222, 224 (10th Cir. 1960). A witness's possible financial stake in the particular case is highly relevant. Wheeler v. United States, 351 F.2d 946, 947 (1st Cir. 1965); Harris v. United States, 83 U.S.App.D.C. 348, 169 F.2d 887 (1948); cf. Perry v. United States, 118 U.S.App.D.C. 360, 336 F.2d 748, 749–50 (1964). Mr. Brooks' general financial involvement with the government in a series of such arrangements was almost equally so (Foster v. United States, supra, 282 F.2d 222; City of Chicago v. Van Schaak Bros. Chem. Works, 330 Ill. 264, 161 N.E. 486, 490 (1928); see also Fisher v. United States, 231 F.2d 99, 104 (9th Cir. (1956)); particularly the government's payments to the witness during a period of a few weeks immediately preceding the trial, to which the question was limited.

■ Nonetheless, we do not think reversal would be justified. If the court had denied appellant the right to cross-examine Mr. Brooks as to his possible financial interest, reversal would be required (Wheeler v. United States, 351 F.2d 946, 947 (1st Cir. 1965)), but this the court did not do. On the contrary, the court permitted detailed inquiry into this subject. The ruling under review related only to a discretionary limitation upon the scope of this inquiry.

Mr. Brooks testified that he had been employed as a "special employee" or informer for the government for twelve years. He testified that he received his pay in the form of rewards; that he was paid "if a case is worth it"; and that whether he was paid, and how much, was determined by the Commissioner of Narcotics. He denied having received any payment in this case. A Los Angeles agent of the Bureau of Narcotics confirmed Mr. Brooks' testimony. The agent testified that after Mr. Brooks "made" a series of cases, the field office submitted a recommendation for a reward to headquarters, and the Bureau of Narcotics sent Mr. Brooks an amount based on the type of case "made," and the time, effort, and expense involved.

In view of the fulness of the record with regard to the witness's financial arrangements with the government, we are satisfied that the single restriction imposed by the trial court upon cross-examination in this area "had but very slight effect." Kotteakos v. United States, 328 U.S. 750, 764, 66 S.Ct. 1239, 90 L.Ed. 1557 (1946). See also Foster v. United States, supra, 282 F.2d at 224; United States v. Jones, supra, 360 F.2d at 96. But see Gordon v. United States, 344 U.S. 414, 423, 73 S.Ct. 369, 97 L.Ed. 447 (1953).

■ 4. In instructing the jury the court said, "the government has offered evidence from which, in my opinion, you could find the defendant actually sold narcotic drugs." Appellant contends that this was an impermissible expression of opinion by the judge that appellant was guilty and was "tantamount to a directed verdict for the government." See United States v. Murdock, 290 U.S. 389, 394, 54 S.Ct. 223, 78 L.Ed. 381 (1934); United States v. England, 347 F.2d 425, 429–436 (7th Cir. 1965); McBride v. United States, 314 F.2d 75, 76–78 (10th Cir. 1963); United States v. Woods, 252 F.2d 334, 336–337 (2d Cir. 1958); Davis v. United States, 227 F.2d 568 (10th Cir. 1955).

In context the court's remark does not convey the meaning appellant attributes to it. The indictment charged conceal-

---

1. We cannot conceive what interest of the government was served by objection to the question. If the information sought reflected adversely upon the credibility of the witness, the government had no legitimate interest in suppressing it. If it did not, the government's interest was served by disclosure. The government's objection jeopardized the conviction with no apparent purpose. Cf. Rosado v. United States, 370 F.2d 542 (9th Cir. 1966).

ment of narcotic drugs and facilitating their transportation, concealment, and sale. It did not charge sale. The government's evidence, on the other hand, disclosed three sales by appellant to Mr. Brooks. In the sentence to which appellant refers, the court simply pointed this out, and then went on to state that evidence showing actual sales could be considered in determining whether appellant was guilty of the charge of facilitation. The court was not expressing an opinion that the evidence in fact established either the sales or the facilitation beyond a reasonable doubt. That question the court explicitly, and repeatedly, left to the jury. Appellant's counsel did not object to the instruction at trial. He confesses that he did not then attribute to it the meaning he now urges upon us. We are satisfied that the same may be said of the jury. Cf. Davison v. United States, 368 F.2d 505, 507 (9th Cir. 1966).

Affirmed.