**UNITED STATES of America,**
**Plaintiff-Appellee,**

**v.**

**Samuel Douglass HARRIS and Melba**
**Jean Glass, Defendants-Appellants.**

**Nos. 540-70, 541-70.**

United States Court of Appeals,
Tenth Circuit.

May 13, 1971.

---

James W. Bill Berry, Oklahoma City, Okl., for appellants.

William R. Burkett, U. S. Atty., Oklahoma City, Okl., for appellee.

Before BREITENSTEIN and HILL, Circuit Judges, and LANGLEY, District Judge.

HILL, Circuit Judge.

Appellants were jointly indicted, tried and convicted by a jury of having robbed the First National Bank of Terral, Oklahoma, by force and intimidation, putting in jeopardy the life of a bank employee, in violation of 18 U.S.C. § 2113(a) and (d). The individual direct appeals have been consolidated.

Both Harris and Glass urge as their first point that the trial court erred in overruling their motion for a mistrial. The motion resulted from a hearsay objection interposed by defense counsel. The court requested counsel to approach the bench, whereupon colloquy was had and the motion was overruled. Testimony continued until defense counsel again objected to what he considered hearsay

evidence. In the course of the court's attempt to explain the hearsay rule to the jury, defense counsel, in open court, stated that he disagreed with the comments of the court in that regard. The court replied: "Well, I will stand on the law, Mr. Berry. And if you don't think it is the law, you may appeal."

After the witness concluded his testimony, Mr. Berry moved for a mistrial for the reason that the court's remark was highly prejudicial, indicating to the jury the frame of mind of the court. The judge overruled the motion and, in an attempt to cure any prejudice, instructed the jury:

> Ladies and gentlemen of the Jury, you will recall Mr. Berry objecting to certain questions calling for hearsay and the questions were directed to this witness making statements as to what he said on a given occasion, as distinguished from what someone told him on a given occasion, and that I overruled the objection and explained to the Jury, as I have done throughout the trial, the law and the requirement for the ruling. And he questioned the Court's ruling and I advised him that he could appeal on it. The Court instructs the jury to disregard the court's remarks with reference to the fact that he could appeal from it. This was an improper remark for the court to make and the jury is instructed to disregard it completely and any and all inferences that might be drawn from it. But, remember the court's ruling that this is not hearsay evidence. The evidence is before you and you may consider questions put to the witness as to what he said to somebody on a given occasion.

■ The argument is that once the alleged prejudice was implanted in the minds of the jurors, it could not be erased by curative instruction. We have here quite a different situation than presented in the cases relied upon by appellants. The cases they use to support their contention deal either with the trial court expressing an unequivocal and unqualified opinion on the defendant's guilt, United States v. Link, 202 F.2d 592 (3rd Cir. 1953), or they are cases where the trial judge has assumed the role of advocate, United States v. Brandt, 196 F.2d 653 (2nd Cir. 1952); Jackson v. United States, 117 U.S.App.D.C. 325, 329 F.2d 893 (1964); United States v. Scott, 257 F.2d 374 (7th Cir. 1958). This Circuit recognizes the prejudice that may result from a trial judge's comments on the guilt of a defendant and we have reversed cases where such prejudicial remarks have usurped or tainted the fact finding duties of the jury. McBride v. United States, 314 F.2d 75 (10th Cir. 1963); Davis v. United States, 227 F.2d 568 (10th Cir. 1955).

■ In the instant case we are not convinced that the remarks to defense counsel prejudiced appellants' case. The statement was directed to the lawyer, not the jury; it concerned a point of law, not fact; and there was absolutely no reference to appellants' guilt. It simply was not a statement, taken in the context of a four-day trial, which served to dilute the jury's sense of responsibility for the verdict. Moreover, any unfavorable impression the jury received from the remark was swept away by the immediate curative instruction. Taken as a whole, the incident was not of a magnitude which precipitates a valid question as to whether appellants received a fair and impartial trial as measured by constitutional standards. *See* Sadler v. United States, 303 F.2d 664 (10th Cir. 1962); United States v. Lukasik, 341 F.2d 325 (7th Cir. 1965); United States v. Ogilvie, 337 F.2d 427 (7th Cir. 1964); United States v. Angelo, 153 F.2d 247 (3rd Cir. 1946).

■ In a pro se appellant brief filed by Harris with permission of the court, he asserts two additional errors. First, he alleges he was denied effective assistance of counsel because the trial court refused to grant a motion for continuance during which time counsel could investigate and prepare for trial. A motion for continuance is addressed to the sound discretion of the court, and

a refusal to grant the motion is not subject to review unless the court abuses its discretion. Avery v. Alabama, 308 U.S. 444, 60 S.Ct. 321, 84 L.Ed. 377 (1940); United States v. Eagleston, 417 F.2d 11 (10th Cir. 1969); Warden v. United States, 391 F.2d 747 (10th Cir. 1968). Appellant Harris takes the position that the lapse of time between appointment of counsel and trial, from approximately April 7 until May 1, was insufficient to prepare a defense. In United States v. Eagleston, supra, we held that the thirteen day lapse between arraignment and trial did not indicate abuse and in Mitchell v. United States, 143 F.2d 953 (10th Cir. 1944) an eleven day period was held not to be abusive. We find no abuse in the trial court's denial of a continuance on that ground.

■■ Harris also submits that additional witnesses may have been obtained during the continuance. When a continuance is sought to obtain witnesses, the accused must show who they are, what their testimony will be, that the testimony will be competent and relevant, that the witnesses can probably be obtained if the continuance is granted, and that due diligence has been used to obtain their attendance on the day set for trial. Lieno v. United States, 338 F.2d 154 (10th Cir. 1964). Harris' motion failed to comply with this standard and for that reason alone the trial court properly refused to postpone the trial. The record reflects that the government made every attempt to subpoena the three witnesses otherwise named by Harris and for all practical purposes opened its files to the defendant. Upon these facts, we find not a trace of abuse.

■ The second alleged error asserted by Harris is that the prosecutor introduced hearsay evidence when he asked a witness if he (the witness) made certain statements without producing any evidence that the statements were made. Testimony to which the objection is directed occurred on cross-examination. A careful study of the questioning shows that it was not inadmissible hearsay but a proper attempt at impeachment.

■ Appellant Glass urges that it was error to deny her motion to sever. The substance of the motion was that certain evidence would be admissible against her co-defendant but inadmissible as to her. The trial court held that the burden of showing prejudice under Rule 14, F.R.Crim.P., 18 U.S.C., is on the defendant moving for severance. The bald conclusions made by Glass were deemed inadequate to sustain that burden. Now, after trial, the same bald allegations are made without a scintilla of proof that any evidence admitted during trial prejudiced Glass's right to due process. It cannot be said that the trial court abused its discretionary power. Kolod v. United States, 371 F.2d 983 (10th Cir. 1967); Baker v. United States, 329 F.2d 786 (10th Cir. 1964).

■ Glass additionally contends that the trial court erred in overruling her motion for acquittal, in that there was insufficient evidence to make a prima facie case against her as an aider and abettor. 18 U.S.C. § 2(a) provides that "Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal." Aiding and abetting, as used in the statute, means to assist the perpetrator of a crime. United States v. Williams, 341 U.S. 58, 71 S.Ct. 595, 95 L. Ed. 747 (1951); White v. United States, 366 F.2d 474 (10th Cir. 1966). As said in Roth v. United States, 339 F.2d 863, 865 (10th Cir. 1964), "To be an aider and abettor requires that a defendant 'associate himself with the venture, that he participate in it as in something that he wishes to bring about, that he seeks by his action to make it succeed.'" Thus, to be guilty of such a crime, one does not have to have an active stake in the outcome of the crime, but merely to participate therein. Wyatt v. United States, 388 F.2d 395 (10th Cir. 1968).

■ In deciding a motion for acquittal the trial judge determines wheth-

er, considering the evidence in the light most favorable to the government, there is substantial evidence from which a jury might reasonably find that an accused is guilty beyond a reasonable doubt. Speers v. United States, 387 F. 2d 698 (10th Cir. 1967); Wall v. United States, 384 F.2d 758 (10th Cir. 1967). The record before us shows that the trial judge committed no error in the application of this rule; that there was evidence, competent and substantial, before the jury which fairly tended to sustain the verdict.

Affirmed.