**UNITED STATES of America,**
**Appellee,**

v.

**Charles Leslie BARNHART, Appellant.**

**No. 71-1234.**

United States Court of Appeals,
Tenth Circuit.

March 10, 1972.

Rehearing Denied June 5, 1972.

Louis J. Boggio, Denver, Colo., for appellant.

Nathan G. Graham, U. S. Atty. (Ben F. Baker, Asst. U. S. Atty., with him on the brief), for appellee.

Before SETH and DOYLE, Circuit Judges, and MECHEM, District Judge.

PER CURIAM.

This is an appeal from a conviction of knowingly transporting in interstate commerce a falsely made security in violation of 18 U.S.C. § 2314.

Shortly after being arraigned the appellant filed a motion for continuance, hoping to postpone trial for nearly six months on the theory that a witness necessary to an adequate defense was out of the country. The court requested additional information in support of the motion, but the motion was voluntarily withdrawn. The record shows that evidence introduced at trial showed that appellant had at one time eighty-seven counterfeit money orders in his possession, nineteen of which were passed at various places across the country. Appellant maintained, however, that he received the money orders in good faith as part of a loan. The creditor was the missing witness.

Appellant maintains that the trial court's request for additional information in support of the motion for continuance was unreasonable and impracticable, resulting in a violation of due process and a denial of equal protection. ". . . When a continuance is sought to obtain witnesses, the accused must show who they are, what their testimony will be, that the testimony will be competent and relevant, that the witnesses can probably be obtained . . ., and that due diligence has been used to obtain their attendance. . . ." United States v. Harris, 441 F.2d 1333, 1336 (10th Cir. 1971). No such showing was made, and upon the court's request for information no such showing was attempted. It is clear that the appellant did not comply with the requisite standard, and no part of that standard suggests a disregard for due process or equal protection. See Leino v. United States, 338 F.2d 154 (10th Cir. 1964).

It is further maintained that the Government failed to prove that the appellant knew that the money orders were falsely made. However, it is apparent from the record that the appellant

". . . had a sufficient connection with the fraudulently completed money orders to be held to possess the necessary guilty knowledge." McGee v. United States, 402 F.2d 434, 437 (10th Cir. 1968).

We have considered the other points raised on appeal, but find them to be without merit.

Affirmed.