**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Thomas L. PATTERSON, Defendant-**
**Appellant.**

**No. 72-2550**

**Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

Dec. 6, 1972.

James L. Branton (Court-Appointed), San Antonio, Tex., for defendant-appellant.

William S. Sessions, U. S. Atty., James E. Bock, Asst. U. S. Atty., San Antonio, Tex., for plaintiff-appellee.

Before BELL, DYER and CLARK, Circuit Judges.

PER CURIAM:

Patterson appeals from his convictions on two counts arising from the possession and sale of amphetamine capsules, a schedule III controlled substance, in violation of 21 U.S.C. §§ 841 and 846. In this appeal he raises the claims of entrapment and improper jury argument. We affirm.

The evidence shows that government undercover agents made their initial contact in this case with Luther Carson. Unaware of the agents' true identities, Carson agreed to sell 10,000 amphetamine capsules at an agreed upon price. At the time appointed for the delivery of and payment for the drugs, Carson, accompanied by Patterson, appeared and made delivery. According to the undisputed testimony, this meeting was the

* Rule 18, 5th Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of N. Y., 431 F.2d 409, Part I (5th Cir. 1970).

first occasion upon which the agents had any dealings with Patterson. At this rendezvous Patterson referred to his source of supply in Mexico and claimed the capacity to supply quantities of up to two million amphetamine capsules on one week's notice. During the course of the meeting, arrangements were made for the agents to purchase an additional 20,000 capsules. At a subsequent meeting these 20,000 capsules were delivered by Patterson, who then made another commitment to sell an additional 30,000 capsules. This agreement, too, was consummated within a few days.

■ Under the facts of this case Patterson's claim of entrapment is plainly frivolous. Even conceding the unlikely argument that co-defendant Carson's activities in presenting Patterson with the opportunity to participate in the criminal enterprise can somehow be attributed to the government agents, the facts of this case provide ample evidence of the propensity or predisposition of the appellant to commit the offense.

■ Nor is there any merit to the contention that the trial judge improperly interfered with Carson's argument to the jury on this point. The interruption was clearly necessary to correct the possibly confusing interpretation of the law of entrapment that his counsel was then espousing.

■ The appellant further complains that the jury argument of the prosecution was improper. We note at the outset that the one objection made by the appellant's counsel to the argument of his opponent was sustained by the trial judge, who immediately gave the jury a correcting instruction in no uncertain terms and cautioned the prosecutor to stay within the record. Thus any other error presented by the appellant must be measured against the standard of plain error. United States v. Jenkins, 442 F.2d 429 (5th Cir. 1971). Although the prosecutor's statement that he did not accept the defendant's entrapment theory may have been improper as an expression of personal

opinion on the merits of the case, *see* Hall v. United States, 419 F.2d 582 (5th Cir. 1961), the facts of this case show beyond every reasonable doubt that it was harmless to the defendant. This indiscretion of the prosecutor, as well as his references to facts dehors the record, were, as in *Jenkins, supra,* mainly in rebuttal to the closing argument of the defense counsel. Taking the arguments as a whole and the prompt corrective action by the court, we conclude that the record discloses no plain error warranting reversal.

Affirmed.