**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Lonnie BANKS and Alexander Hepburn,**
**Defendants-Appellants.**

**No. 72–3135.**

United States Court of Appeals,
Fifth Circuit.

April 4, 1973.

Brenda Abrams, Miami, Fla. (Court appointed under Act), Phillip Carlton, Jr., Miami, Fla., for defendants-appellants.

Robert W. Rust, U. S. Atty., Lawrance B. Craig, III, Asst. U. S. Atty., Miami, Fla., for plaintiff-appellee.

Before RIVES, GOLDBERG and MORGAN, Circuit Judges.

RIVES, Circuit Judge:

Hepburn and Banks were charged in a three-count indictment with conspiring to knowingly and intentionally possess with intent to distribute quantities of heroin and conspiring to knowingly and intentionally distribute the heroin, all in violation of 21 U.S.C. § 846, and with the substantive offenses of possessing with intent to distribute and of actually distributing 18.8 grams of heroin in violation of 21 U.S.C. § 841.

A jury returned separate verdicts as to each defendant finding him guilty as to each count of the indictment.

On trial each of the defendants testified in his own behalf. Hepburn denied that he did the acts charged. Banks admitted that he sold a bag of heroin to a Government agent, but claimed that he was entrapped into committing the offenses. On appeal each of the defendants urges a single but an entirely different issue. We affirm.

The district court refused to allow Hepburn to attempt impeachment of the testimony of Peter Gorin, the Government's confidential informant, by calling witnesses to testify to specific sales of drugs by Gorin for which he had not been tried or convicted.[1] As then Chief Judge Murrah noted in Foster v. United States, 10 Cir. 1960, 282 F.2d 222, 223, extrinsic testimony in respect to the character of a witness "tends to confuse the issues and promote unfair surprise and multifariousness." It was clearly within the discretion of the district judge as "the governor of the trial" to exclude such testimony. 3A Wigmore on Evidence § 979 (Chadbourn rev. 1970).[2]

---

1. Gorin's testimony was corroborated in substantial part by the testimony of two agents of the Bureau of Narcotics and Dangerous Drugs.

2. The proposed new Federal Rules of Evidence, now under consideration by the Congress, provide that "Specific instances of the conduct of a witness, for the purpose of attacking or supporting his credibility, other than conviction of crime as provided in Rule 609, may not be proved by extrinsic evidence." Rule 608(b).

The Advisory Committee's Note explains that provision as follows:

"*Subdivision (b).* In conformity with Rule 405, which forecloses use of evidence of specific incidents as proof in chief of character unless character is an issue in the case, the present rule generally bars evidence of specific instances of conduct of a witness for the purpose of attacking or supporting his credibility. There are, however, two exceptions: (1) specific instances are provable when they have been the sub-

■ The defendant Banks urges that *but for* the solicitation of the Government informant, he would be innocent. The district judge properly submitted to the jury the question of whether Banks was entrapped, and placed upon the Government the burden of disproving entrapment beyond a reasonable doubt.[3] In his instructions to the jury, the district judge correctly spelled out the principles of entrapment:[4]

"If then, the jury should find beyond a reasonable doubt from the evidence in the case that, before anything at all occurred respecting the alleged offense involved in this case, the defendant Banks was ready and willing to commit crimes such as charged in the indictment, whenever opportunity was afforded, and that government officers or their agents did no more than offer the opportunity, then the jury should find that the defendant Banks is not a victim of entrapment.

"On the other hand, if the evidence in the case should leave you with a reasonable doubt whether the defendant Banks had the previous intent or purpose to commit any offense of the character here charged, and did so only because he was induced or persuaded by some officer or agent of the government, then it is your duty to acquit him."

(Tr. 374–75.)

The testimony of Peter Gorin and of Agents Medina and Heyman furnished ample basis for the jury to believe beyond a reasonable doubt that the criminal design originated in Banks' own mind and was not implanted by the Government or by Gorin.

■ Banks recognizes as fatal to his entrapment defense, and attacks as simply "wrong," the following statement in *Groessel:*

"There is no entrapment, however, if the accused is ready and willing to commit the crime whenever the opportunity might be afforded—even if by government agents or informers acting under their supervision. Eisenhardt v. United States, *supra* [5 Cir.], 406 F.2d [449] at 451. It is well settled that the fact that government agents merely furnished opportunities or facilities for committing the offense does not defeat the prosecution. Artifice and stratagem may be employed to catch those engaged in criminal enterprises."

United States v. Groessel, 5 Cir., 1971, 440 F.2d 602, 605. We reaffirm that statement, which we find to be eminently sound.

The judgments of conviction are

Affirmed.

---

ject of criminal conviction, and (2) specific instances may be inquired into on cross-examination of the principal witness or of a witness giving an opinion of his character for truthfulness."

3. *See* Pierce v. United States, 5 Cir. 1969, 414 F.2d 163, 168; United States v. Bigham, 5 Cir. 1970, 421 F.2d 1344, 1346; United States v. Groessel, 5 Cir. 1971, 440 F.2d 602, 606; United States v. Harper, 5 Cir. 1971, 450 F.2d 1032, 1045; United

States v. Patterson, 5 Cir. 1972, 470 F.2d 731; United States v. Rodriguez, 5 Cir. 1973, 473 F.2d 587; United States v. Jones, 5 Cir. 1973, 473 F.2d 293; *compare* United States v. Russell, 9 Cir. 1972, 459 F.2d 671, now pending in Supreme Court, 409 U.S. 911, 93 S.Ct. 226, 34 L.Ed.2d 172, *see* 41 L.W. 3484. *See also* 2 Wright Federal Practice and Procedure, Criminal § 403, pp. 70, 71, 72.

4. See authorities cited n. 3, *supra.*